————o————

MICHAEL HELLER, Plaintiff in Error, *vs.* PHILLIP STREMMEL, Defendant in Error.

1. *Corporations, municipal—Board of President and Directors of St. Louis Public Schools—County Court of St. Louis County, Justices of—Session Act, approved March 14, 1869, and acts amendatory thereof, construction of—School Districts—Corporations organized for the purpose of education only.*—The Board of President and Directors of St. Louis Public Schools, school districts and corporations organized for the purpose of education only, are not municipal corporations in the sense of Session Act, approved March 14, 1869, and the acts amendatory thereof, which declare that no person shall be eligible to the office of Justice of the County Court of St. Louis County, who at the time of his election shall hold any office under a Municipal or Railroad corporation created by the laws of the State of Missouri.

*Error to St. Louis Circuit Court.*

*Sharp & Broadhead, & McCarty,* for Plaintiff in Error.

The "Board of President and Directors of the St. Louis Public Schools," is a municipal corporation. It exists as a corporation for the public advantage. (Dillon on Municipal Corporations, 29.)

*H. A. Clover,* for Defendant in Error.

The Board of President and Directors of the Public Schools is not a municipal corporation within the purview of the law. (2 Kent's Com., 11th Edition pp. 316–321; 4 Wheaton, pp. 634 *et seq.,* 694 *passim* ; Dartmouth College vs. Woodward, 1 Sumner, 276, 296, 302, 313 ; Osborn vs. U. S. Bank, 9 Wheat., 938 ; Bank of the State of So. Car. vs. Smith's Exr., 3 McCord. 377 ; U. S. Bank vs. Planters Bank of Georgia, 9 Wheaton, 907 ; Trustees for Vincennes University vs. State of Indiana, 14 Howard, 277; Bouv. Law, Dic. Title, Municipal Corporations.)

52  309
42a  462

52  309
112  218

52  309
128  81
128  291

VORIES, Judge, delivered the opinion of the court.

The plaintiff and the defendant were opposing candidates for the office of Justice of the County Court of St. Louis County, at an election holden on the first Tuesday after the first Monday of August, 1871. The certificate of election was given to the defendant, upon which he was commissioned and entered on the duties of the office.

The plaintiff filed his petition in the Circuit Court of St. Louis County, under the provisions of the statute, contesting the election of the plaintiff, and averring as a ground of his contest of said election, that the defendant at the time of the election held the office, and still held the office, of a director in the "Board of the President and Directors of the St. Louis Public Schools," and that defendant was in virtue thereof ineligible to the office of Justice of the County Court, because it is provided by law, that "no person shall be eligible to the office of Justice of the County Court, who at the time of his election shall hold any office under any Municipal or Railroad Corporation created by the laws of the State of Missouri," and that "the Board of President and Directors of the St. Louis Public Schools" was a municipal corporation created by the laws of the State of Missouri.

The defendant demurred to the petition on the ground, that it did not state any facts sufficient to entitle the plaintiff to contest the election, or to affect the defendant's right to the office. The St. Louis Circuit Court sustained the demurrer at Special Term, and rendered a final judgment against the plaintiff. The plaintiff appealed to the General Term of said Court, where said judgment was affirmed. The case has been brought to this Court by Writ of Error.

The only question presented to this Court by the plaintiff in error, is whether the defendant is disqualified or ineligible to hold the office of County Court Justice by virtue of his at the time of the election holding the office of School Director in "the Board of President and Directors of the St. Louis Public Schools." By an Act of the Legislature of the State of Missouri, entitled "an act concerning the County of St.

Louis" approved March 14th, 1859, and the acts amendatory thereof, it is provided, that no person shall be eligible to the office of Justice of the County Court, " who at the time of his election shall hold any office under any Municipal or Railroad Corporation created by the laws of the State of Missouri." (Laws of Missouri 1859, page 449, also Session Acts 1863, page 158 ; Acts 1871, page 109.)   It is contended by the plaintiff, that "the Board of President and Directors of the St. Louis Public Schools" is a municipal corporation, and that defendant being a Director in said Board, is not eligible to the office of Justice of the County Court.

A municipal corporation is defined by Bouvier to be : "A public corporation created by Government for political purposes, and having subordinate and local powers of legislation. An incorporation of persons, inhabitants of a particular place or connected with a particular district, enabling them to conduct its local, civil government." (2nd Bouvier's Law Dic., 21 ; see also 2 Kent, 317, p. 275.)  "The Board of President and Directors of the St. Louis Public Schools" is not a corporation created for *political* purposes, nor is it created for the purpose of enabling the people of the District named, to conduct its local, *civil* government, and the mere fact that its limits of jurisdiction are the same as that of the City of St. Louis, makes no difference in that particular; it is just the same as if it had constituted a township, or any other district described, as a School District.   The corporation is created to take charge and control of the public schools and make rules for the management of the schools, to take possssion and charge of all lands and lots which have been received for the inhabitants of St. Louis for school purposes, and to dispose of the same, and apply the proceeds to purposes of education under the provisions of the act.  In fact, the Corporation is created by the State to assist in carrying out the general common School system of education adopted by the State, and although the particular district is separately organized and incorporated by the Legislature, it is no more a *municipal corporation*, than is the Board of Directors of any other School District in the State.

The general accepted definition of a municipal corporation would only include organized cities and towns, and other like organizations, with political and legislative powers for the local, civil government and police regulations of the inhabitants of the particular district included in the boundaries of the corporation. It was such corporations, that I think, were intended by the Legislature in disqualifying persons to hold the office of Justice of the County Court, who at the time should hold an office in any municipal corporation. Justice Dillon, in his work on "Municipal Corporations," uses this language in defining a municipal corporation: "Thus an incorporated School District or county, as well as a city, is a public corporation; but the School District or County, properly speaking, is not, while the City is a municipal corporation." Again in speaking of School Districts, Road Districts, Counties, Townships, &c. Judge Dillon says: "They are purely auxiliaries of the State, and to the General Statutes of the State they owe their creation, and the Statute confers all the powers they possess, prescribes all the duties they owe, and imposes all liabilities to which they are subject. Considered with reference to the limited number of their corporate powers, the bodies above named rank low down in the scale or corporate grade of corporate existence; and hence have been frequently termed *quasi* corporations. This designation distinguishes them, on the one hand from private corporations aggregate, and on the other from municipal corporations proper, such as cities or towns, acting under charters, &c." (Dillon on Municipal Corporations, pages 30 to 33.)

From the foregoing authorities as well as from the reason of the case, I am well satisfied that the term *municipal corporations* does not in its common acceptation or its legal sense include School Districts or corporations organized for the purposes of education only, either in connection with our Common School system or otherwise, and that the Legislature, in rendering officers of municipal corporations ineligible to the office of County Justice, never intended to include School Trustees.

The other Judges concurring, the judgment of the St. Louis Circuit Court is affirmed.