THE STATE ex rel J. FRANK CALDWELL v. LITTLE RIVER DRAINAGE DISTRICT, Appellant.

Division One, December 19, 1921.

1. **DRAINAGE DISTRICT: Taxation: Exemption.** The office furniture, books, engineering instruments and office equipment, owned and used exclusively in carrying on and conducting its work by a drainage district organized in the circuit court in 1907, are not taxable for state or county purposes.

2. ———: ———: ———: **Municipal Corporation.** A drainage district is not a private corporation in any sense, but a public corporation and a legislative agent, exercising governmental functions exclusively; and while the term "municipal corporation" in its strict sense applies only to incorporated cities, towns and villages having subordinate and local powers of legislation, in its larger and ordinarily accepted sense it applies to any local public corporation exercising some function of government, and hence in-

cludes counties, school districts, townships under township organization, special road districts and drainage districts. Under the constitutional provision declaring that "the property, real and personal of the State, counties and other municipal corporations, and cemeteries, shall be exempt from taxation," a drainage district organized in the circuit court upon the initiative of landowners is in this larger sense a municipal corporation, and its property, if used exclusively in the discharge of its prescribed governmental function, is exempt from taxation.

Appeal from Cape Girardeau Circuit Court.—*Hon. Frank Kelly,* Judge.

REVERSED.

*Oliver & Oliver* for appellant.

(1) The defendant drainage district is a public corporation of the State of Missouri, made so by the statute under which it was created, and by the decree of court incorporating it. Laws 1905, p. 192, sec. 8253, lines 12-15; Secs. 5498, 5499, R. S. 1909. (2) In addition to the statutory enactment creating the district a public corporation this court has repeatedly held that such a drainage district is a political subdivision of the State—is a governmental agency and in no sense a private corporation—that it is a public corporation "as much as the city of St. Louis or the city of Hannibal." Morrison v. Morey, 146 Mo. 561; State ex rel. v. Drainage District, 269 Mo. 458; Mound City Land Co. v. Miller, 170 Mo. 253; Drainage Dist. v. Turney, 235 Mo. 90; State ex rel. v. Taylor, 224 Mo. 469; Wilson v. Drainage Dist., 257 Mo. 286. (3) Since the appellant is a public corporation—a political subdivision of the State—a governmental agency and in no sense a private corporation, and as clearly a municipal corporation as the cities of the State —its property is exempt from taxation. Sec. 6, Art. 10, Mo. Constitution; Sec. 11335, R. S. 1909; Sec. 12753, R. S. 1919. (4) The Legislature never intended that the property acquired by the drainage districts should be taxed. There is no power granted the drainage district

to raise money to pay taxes. There is no provision in the entire drainage law which authorizes the levying of an assessment or tax to pay taxes. The only purposes for which a drainage district can levy an assessment is to secure funds to pay the cost of the drainage works and improvements plus the actual expenses or organizing the district and the proper working and administrative expenses and damages in the completion of said works and improvements. Secs. 5516, 5519, R. S. 1909; State ex rel. McWilliams v. Little River Drain. Dist., 269 Mo. 462. (5) It may be conceded that the general rule as announced in Missouri is that tax exemption should be strictly construed, but this rule does not apply to corporations performing a public service. State ex rel. v. Trustees William Jewell College, 234 Mo. 308; Ross v. Railroad, 111 Mo. 25; Westerman v. Lodge, 196 Mo. 709. (a) It has been repeatedly held that the subject matters, policy and purpose of the act must always be taken into consideration. Spitler v. Young, 63 Mo. 44; Ross v. Railroad, 111 Mo. 26; State ex inf. v. Railroad, 238 Mo. 614; Craig v. Railroad, 248 Mo. 278. (b) The legislative intent is one of the cardinal principles. It must always be looked to and effect given to the act if possible. State ex rel. v. Forest, 177 Mo. App. 252; Keeney v. McVoy, 206 Mo. 65; State ex rel. v. Gmelich, 208 Mo. 159. (c) Statutes *in pari materia* are to be read and interpreted together. They are to be treated as embodied in one section and considered together in order to elucidate the intent of the Legislature, although they are found in different acts. State v. Ebbs, 89 Mo. App. 98; State v. Klein, 116 Mo. 263; Macke v. Byrd, 131 Mo. 690; Strottman v. Railroad, 211 Mo. 251. (d) It is both permissible and proper to take into consideration the general construction placed upon this section by the collectors and landowners of the district. State ex rel. v. Trustees, 234 Mo. 318; Westerman v. Lodge, 196 Mo. 709; Sedalia ex rel. v. Smith, 206 Mo. 364; Barber Paving Co. v. Meservey, 103 Mo. App. 194. (6) The reason for the exemption of property owned by the drainage district from taxation is just as clear-cut as the exemption of any

property held or used by the State or by any of its other political sub-divisions for any of the public purposes for which they are organized or which tend toward the bettering of the general welfare of the state at large. The purpose for the organization of the drainage district is for the betterment of the public health and to enhance the general welfare of the state. Little River Drain. Dist. v. Railroad, 236 Mo. 111, (7) It is against policy to tax public corporations. The taxes sued for cannot be paid because there are no funds available for that purpose—no power to secure such funds. (8) An intention to tax the property of a public corporation will not be implied; on the other hand, the property will be impliedly exempt. 37 Cyc. 865; 37 Cyc. 874-7; 1 Cooley on Taxation (3 Ed.) p. 263.

*David B. Hays* for respondent.

(1) That appellant is a public corporation, so designated by the statutes and so recognized by all the decisions, is not denied; but a public corporation is not necessarily a municipal corporation. Between municipal corporations on the one hand, and private corporations on the other, are many public bodies or corporations organized for various public purposes and performing their functions within the prescribed limits, but all lacking a part of the attributes and powers which distinguish municipal corporations proper, and known as *quasi*-corporations. Heller v. Stremmel, 52 Mo. 311; State ex rel. Chouteau v. Leffingwell, 54 Mo. 471; 28 Cyc. 128. (2) The courts of this State have always recognized drainage districts as belonging to a lower order of corporate life than municipal corporations proper, by reason of their restricted powers and duties. Morrison v. Morey, 146 Mo. 561; Mound City Land Co. v. Miller, 170 Mo. 255; Squaw Creek Drain. Dist. v. Turney, 235 Mo. 97; Houck v. Little River Drain. Dist., 248 Mo. 383. In common with other public corporations possessing only a portion of the essential attributes of municipal corporations, drainage districts are classified as *quasi-*

public or *quasi*-municipal corporations. School District
v. Burris, 84 Mo. App. 662; Wilson v. Drainage & Levee
District, 237 Mo. 46; Elsberry Drain. Dist. v. Harris,
267 Mo. 151; 19 C. J. 615, 616. (3) Appellant is not en-
titled to exemption from taxation under the provisions
of Section 6, Article 10, of the Constitution, and under
Section 11335, Revised Statutes 1919, unless it is a
municipal corporation. Appellant is not a city or town;
can it claim to be a "like organization," "with political
and legislative powers for the local, civil government and
police regulations of the inhabitants of the particular dis-
trict included in the boundaries of the corporation," in
accordance with the definition accepted by Missouri
courts? Cases cited under Point I. None of the cases
has held that any drainage district is as much a munici-
pal corporation as cities, or that a public corporation, a
political subdivision of the State, or a governmental
agency is in every case identical with a municipal cor-
poration. It has not been found necessary to declare by
legislative enactment that cities are public corporations,
for being municipal corporations they represent the
highest order of public corporations; but the Legis-
lature has found it expedient and necessary to make such
a declaration with respect to drainage districts. And
the necessity of so distinguishing these districts arises
from their close kinship to private corporations. But
whatever private interest may be involved, they do per-
form a meritorious public service in promoting sanitary
conditions; and it is in recogniton of this fact that they
have been by our laws exalted to a plane higher than that
of purely private enterprises for gain. If it had been
the purpose of our lawmakers to elevate them to the
highest class of public corporations, they would doubt-
less have said so; for it is common knowledge that
municipal corporations occupy this position. But they
did not do this, and the reason is found in the prescribed
functions of such agencies, for these embrace only a
small part of those devolving upon municipal corpo-
rations. Their one claim to preferment lies in the service
rendered by aiding in the establishment of healthful en-

vironments for the inhabitants of their territory. If the performance of but one single form of public service entitles an organization to rank as a municipality, then all corporations that are not strictly private should be classed with cities and towns as municipal corporations. (4) The Constitution does not exempt from taxation the property of all public corporations, but only that of municipal corporations. Since the right of taxation is inherent in the State, and its only limitations are those imposed by the Constitution, and since those limitations do not include such bodies as appellant, then by what course of reasoning can appellant claim immunity? Surely not by inference or implication; for exemption from taxation is never presumed, but must appear beyond any doubt; the presumption is in favor of the taxing power; and the burden is upon claimant to establish clearly his right to exemption. Fitterer v. Crawford, 157 Mo. 58; State ex rel. Cemetery Assn. v. Casey, 210 Mo. 248; Pacific Ry. v. Cass County, 53 Mo. 27; 37 Cyc. 727, 891; Grand River Lodge v. Crawford, 157 Mo. 41; State ex rel. Van Raalte v. Board of Equalization, 256 Mo. 463.

RAGLAND, C.—The defendant is a drainage district. It was incorporated by the judgment and decree of the Butler County Circuit Court, November 30, 1907, under the provisions of Article 3, Chapter 122, Revised Statutes 1899, and the amendments thereto. The purpose of this suit is to enforce the collection of state and county taxes; assessed and levied on office furniture, books, engineering instruments and office equipment, owned and used by defendant exclusively in carrying on and conducting its work as a drainage district. The only question presented for determination here is whether such property is exempt from taxation under Section 6 of Article X of the Constitution and its correlated statute Section 11335, Revised Statutes 1909. The circuit court held that it was not, and gave judgment for the taxes. From that judgment defendant appeals.

The section of the Constitution just referred to, so far as it has any bearing on the subject under consideration is as follows:

"The property, real and personal, of the State, counties and other municipal corporations, and cemeteries, shall be exempted from taxation. Lots in incorporated cities or towns, or within one mile of the limits of any such city or town, to the extent of one acre, and lots one mile or more distance from such cities or town, to the extent of five acres, with the buildings thereon, may be exempted from taxation, when the same are used exclusively for religious worship, for schools, or for purposes purely charitable."

As a drainage district is not the State, nor a county, it must, in order for its property to be exempted from taxation under this provision, come within the designation of "other municipal corporations." Whether it is a municipal corporation in the sense in which those terms are therein used is the concrete question presented for determination.

While it is generally conceded that a drainage district is a form of governmental corporation with limited powers, there exists a great diversity of opinion as to its exact status. For the purpose in hand it may be well to restate some of the basic principles underlying its creation. The power to drain swamp and overflowed land, referable to the police power, is a legislative function. This power the Legislature may, if it sees fit, exercise directly, without the intervention of any independent agency. Unless restrained by some constitutional prohibition it would be perfectly legal and competent for it to effect drainage through commissioners and supervisors appointed by itself. Historically this was the method first adopted, and it is the one still employed in many states of the Union. In this State, however, legislative authority to provide for rural drainage is exercised through local organizations, incorporated under general law as drainage districts. This method, it is said, accords with the

<span>Public Corporation.</span>

State ex rel. Caldwell v. Little River Drainage District.

spirit of modern government which gives to the people, or any part of them, the largest possible control in matters peculiarly affecting them and their interest. [People v. Drainage District, 155 Cal. 373.] Such districts are incorporated upon the initiative of the landowners, and, under specific statutory mandates, are managed and controlled by the landowners. But notwithstanding the landowners have such a large voice in bringing them into existence and in managing their affairs, from the standpoint of the State, the districts are none the less legislative agencies, exercising exclusively governmental functions—the private benefits accruing to the individual landowners being purely incidental. [Land and Stock Co. v. Miller, 170 Mo. 240; Irrigation Co. v. Williams, 76 Cal. l. c. 367 Donnelly v. Decker, 58 Wis. 461, 473.]

The statutes of this State under which drainage districts are organized declare them to be public corporations. Because of their inherent nature and because of the purposes for which primarily they are created, we have repeatedly held that they are not private corporations in any sense—that they are political subdivisions of the State and exercise prescribed functions of government. [Mound City Land & Stock Co. v. Miller, 170 Mo. 240, 253; Morrison v. Morey, 146 Mo. 543, 561; Drainage District v. Turney, 235 Mo. 80, 90.] We have also said that they are municipal corporations. [Wilson v. Drainage District, 257 Mo. 266, 286; State ex rel. v. Taylor, 224 Mo. 393, 469.] In its strict and primary sense the term "municipal corporation" applies only to incorporated cities, towns and villages, having subordinate and local powers of legislation (Heller v. Stremmel, 52 Mo. 309). But in the larger and ordinarily accepted sense the term is applied to any public local corporation, exercising some function of government, and hence includes counties, school districts, townships under township organization, special road districts and drainage districts. [Wilson v. Trustees of Sanitary District, 133 Ill. 433, 464; Rathbone v. Hopper, 57 Kan. 240, 242.] It is in this latter

sense that the term is used in the constitutional provision under consideration, because its language is *"counties* and *other municipal corporations."*

It is argued, however, that the term "municipal corporations" is used in its technical and not in its commonly accepted sense, because, as it is claimed, the succeeding language of the section makes a separate and distinct provision with reference to the property of school districts. This, it is contended, shows conclusively that school districts were not intended to be included within the designation, "other municipal corporations." But a reading of the section as a whole make it entirely clear that its latter provisions, in dealing with lots and buildings used exclusively for schools, have no reference whatever to. the property owned and used by the school districts of the State in the conduct of its public schools. It is plain that if the property not only of school districts, but of organized townships and special road districts as well, are expressly exempted from taxation by the Constitution, it is because they are "other municipal corporations."

The rule that tax-exemption statutes and like constitutional provisions must be strictly construed is not applicable in this case. On the contrary we start with the presumption that neither the framers of **Exemption.** the Constitution nor the Legislature ever intended to tax the property of the State itself or the public property of its political subdivisions. [37 Cyc. 865.] It must be assumed, unless the contrary expressly appears, that the State does not intend to tax the means and instrumentalities used by it or its subordinate agencies for governmental purposes. [1 Cooley on Taxation (3 Ed.) 263.] For that reason it has never been supposed that the property of organized townships, school districts and special road districts, in this State, were subject to taxation, although these subdivisions of the State are not mentioned by name in the tax-exemption provision of the Constitution. That they come within the general class designated therein as "other mu-

nicipal corporations'' has been the general understanding that has been universally acted upon by state and municipal authorities. A drainage district is of the same genus and its property, no more than that of the others, can in reason be held to be subject to taxation.

Our conclusion is that the defendant is a municipal corporation within the meaning of that term as used in the provision of the Constitution dealing with tax-exemption, and that its property, used exclusively in the discharge of its prescribed governmental function, is exempt from taxation.

It follows that the judgment of the circuit court should be reversed. It is so ordered. *Small, C.,* concurs; *Brown, C.,* absent.

PER CURIAM:—The foregoing opinion of RAGLAND, C., is adopted as the opinion of the court. All of the judges concur.