Dear Representative Wheat:
This opinion is in response to your question asking:
 Is the legal representative of a purchaser of a prearranged funeral agreement under Chapter 436, RSMo 1978, entitled to cancel such agreement under § 436.030 or under § 436.040, RSMo 1978, when such representative selects a mortuary other than the mortuary designated in such prearranged funeral agreement, but within the same service area of such designated mortuary?
Based on the fact situation you supplied with your request, we assume for purposes of this opinion that the purchaser is deceased and that the purchaser is the person for whom funds were paid to a seller pursuant to a pre-arranged funeral agreement.
In rendering this opinion we are required to seek the intent of the legislature. State ex rel. Ashcroft v. UnionElectric Co., 559 S.W.2d 216 (Mo.App. 1977). In so doing we are to assign the words and phrases employed by the statute their plain, ordinary meaning. Beiser v. Parkway School District,589 S.W.2d 277 (Mo. banc 1979). Further, where the language of the statute is clear and unambiguous, there is no room for interpretation.Schimmer v. H. W. Freeman Construction Co., Inc., 607 S.W.2d 767
(Mo.App. 1980). These well-accepted rules of construction establish the framework within which this opinion finds life.
Chapter 436 provides sellers of pre-arranged funeral agreements (hereafter "agreement") three optional methods for handling funds received by the seller under such an agreement. First, Section 436.030.1 provides that a seller may deposit such funds "in an account in the joint names and under the joint control of the purchaser and the seller, . . ." Funds so deposited are to be held in the joint account "until the expiration of at least five days after the death of the person for whose services suchfunds were paid, . . ." [Emphasis added.] Only after the expiration of the five day period and the seller furnishing the financial institution in which the account is placed both a certified copy of the death certificate and a verified statement "setting forth that all of the terms and conditions of such agreement, . . . have been fully performed by the seller[,] . . ." may the financial institution release the funds in the account to the seller. The purchaser may cancel the agreement under this first option by requesting that the funds held in the joint account be withdrawn. Section 436.030.1 makes no provision for the termination of such an agreement following the death of a purchaser who is also the person for whose services funds were paid to the seller. The option to cancel the agreement expires with the purchaser.
The second option for a seller handling funds received pursuant to an agreement is found in Section 436.030.2, which states that funds "not deposited in accordance with subsection 1 of [Section 436.030] or section 436.040, shall be deposited in an account in the name of the seller as trustee, . . . for the use and benefit of one or more purchasers, . . ." As in the first option, the funds so deposited may not be released to the seller by the depositary until at least five days after the death of the person for whose services funds were paid and the seller's verification of the death of that person and that all the terms and conditions of the agreement have been fully performed by the seller. Section 436.030.2 further provides that if any purchaser desires to cancel the agreement, he may do so in accordance with Section 436.060 which provides:
 In the event a purchaser under a contract shall desire to cancel the contract prior to maturity, such purchaser shall be entitled to withdraw and receive from the funds held in such bank or trust company the amount actually paid by him in cash less the amounts permitted to be retained by the seller as provided in subdivision (1) of section 436.040, and the seller shall cooperate in effecting such withdrawal and payment; whereupon such agreement, contract or plan shall be deemed to be canceled and terminated, and the seller shall be entitled to receive and retain all sums not so released to the purchaser. [Emphasis added.]
Neither Section 436.060 nor Section 436.030.2 defines the term "maturity" for purposes of termination of an agreement. However, Section 436.040(3) provides that "[t]he date of death of the purchaser of such contract (or other individual who may be designated in the contract as the person for whose funeral such funds may be used) shall be the maturity date of the contract, . . ." It is our opinion that for purposes of Section 436.030.2, the "maturity" to which Section 436.060 refers is the date of death of the purchaser or other person for whose funeral funds paid may be used.
The final option available to sellers for the placement of funds received pursuant to an agreement is found in Sections 436.040(1) and 436.040(2). Under this option, the seller, after retention of the first twenty percent of the total amount to be paid in under the agreement, must deposit the remaining eighty percent "in trust . . . for the use and benefit of the purchaser in the trust department of a state or national bank with trust powers. . . ." Cancellation of an agreement entered into in conformity with Sections 436.040(1) and 436.040(2) must be done in accordance with Section 436.060. See discussion, supra.
In the fact situation you pose, the agreement is "administered pursuant to § 436.040." As we are assuming that the decedent is both the purchaser and the person for whose funeral funds may be used, we find no statutory authority which would allow a legal representative to cancel a pre-arranged funeral agreement after the death of the purchaser.
CONCLUSION
It is the opinion of this office that when the purchaser of a pre-arranged funeral plan is the person for whom funds were paid to a seller pursuant to a pre-arranged funeral agreement, the legal representative of the purchaser may not cancel or otherwise terminate the agreement following the death of the purchaser.
This opinion, which I hereby approve, was prepared by the Deputy Attorney General, Edward D. Robertson, Jr.
Very truly yours,
 JOHN ASHCROFT Attorney General