Dear Dr. Aery:
This opinion is in response to your request as follows:
 Is the Missouri Higher Education Loan Authority (MOHELA) authorized under the Higher Education Loan Authority Act, Sections 173.350
et seq. RSMo. Supp. 1983, to issue revenue bonds the interest on which is not exempt from taxation by the United States?
We understand that MOHELA is presently attempting to issue additional revenue bonds to refund its indebtedness on a tax-exempt basis. Such a refund will further MOHELA's mission of providing "eligible postsecondary education students . . . access to guaranteed student loans. . . ." Section 173.360[1]. We further understand that in order for MOHELA to issue its bonds, the United States Department of Education must approve special allowance payments to MOHELA on the proposed tax-exempt bond issue. The approval of such special allowance payments is contingent on a legal conclusion that MOHELA may not, under Missouri law, issue bonds which are taxable for purposes of the Internal Revenue Code of 1954 (as amended). This opinion is to serve as that legal conclusion.[2]
There can be no doubt but that MOHELA bonds are exempt from taxation under Missouri law. Section 173.390. However, Missouri statutes cannot, of themselves, create an exemption from federal income taxation. This opinion will, therefore, turn on an analysis of whether the General Assembly has provided MOHELA authority to issue revenue bonds the holder's interest on which is taxable by the federal government. As always, our intent in rendering this opinion is to seek the intent of the legislature.City of Willow Springs v. Missouri State Librarian, 596 S.W.2d 441,445 (Mo. banc 1980).
MOHELA is a body politic and corporate. Section 173.360. It is a "separate entity" from the State of Missouri. Section173.410; State ex inf. Danforth ex rel. Farmers' ElectricCooperative, Inc. v. State Environmental Improvement Authority,518 S.W.2d 68 (Mo. banc 1975); Menorah Medical Center v. Healthand Education Facilities Authority, 584 S.W.2d 73 (Mo. banc 1979). For purposes of this opinion, we believe that the statutory grant of powers to MOHELA must be analyzed as if MOHELA were a municipal corporation.[3]
Municipal corporations have only such powers as are expressly given them, reasonably implied in their grant of powers or essential to their declared purposes. The Supreme Court has stated:
 It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: (1) Those granted in express words; (2) those necessarily or fairly implied in, or incident to, the powers expressly granted; (3) those essential to the declared objects and purposes of the corporation — not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved against the corporation, and the power is denied.
Taylor v. Dimmitt, 78 S.W.2d 841, 843 (Mo. 1934). See also,State ex rel. Mitchell v. City of Sikeston, 555 S.W.2d 281, 288
(Mo. banc 1977); State ex rel. Taylor v. Land Clearance forRedevelopment Authority of Kansas City, 586 S.W.2d 331, 333 (Mo. banc 1979).
Section 173.385 grants MOHELA authority to act as follows:
 The authority shall have the following powers, together will all powers incidental thereto or necessary to the performance thereof:
 (1) To have perpetual succession as a body politic and corporate;
* * *
 (6) To issue revenue bonds to obtain funds to purchase student loan notes which are guaranteed under sections 173.095 to 173.180, or under the provisions of the federal Higher Education Act of 1965, as amended. . . .
* * *
 (15) To take any necessary actions to be qualified to issue tax-exempt bonds pursuant to the applicable provisions of the internal revenue code of 1954, as amended.
We have reviewed the statutory grants of authority to the Missouri Health and Educational Facilities Authority, Chapter 360 RSMo 1978 (as amended), the Missouri Housing Development Commission, Chapter 215 RSMo. 1978 (as amended), the Missouri Environmental Improvement Authority, Sections 260.005 to 260.125, Industrial Development Corporations, Chapter 349 RSMo 1978 (as amended), Planned Industrial Expansion Authorities, Section100.300, et seq., RSMo 1978 (as amended), counties for county housing bonds, Sections 108.450 to 108.470, municipalities for industrial development bonds, Sections 100.010 to 100.200 RSMo 1978 (as amended), and municipalities for tax increment financing, Section 99.800, et seq. Only in the grant of authority to MOHELA is an authority empowered to take actions necessary to issue bonds which are tax-exempt for federal income tax purposes. Section 173.385(15).
Applying the maxim of statutory construction, "expressio unius est exclusio alterius" (express mention of one implies the exclusion of others), Harrison v. M.F.A. Mutual Ins. Co.,607 S.W.2d 137 (Mo. banc 1980), and finding no express or implied power in MOHELA to issue taxable bonds, we are led to the conclusion that the General Assembly did not intend for MOHELA to issue bonds which are taxable for purposes of federal income tax laws.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] Unless otherwise denoted, all statutory references herein are to RSMo Supp. 1983.
[2] The legal conclusions reached herein are not intended to apply to entities other than MOHELA which have statutory authority to issue bonds.
[3] We are aware of the varying definitions of the phrase "municipal corporation" employed by our Supreme Court over the years. The Court has noted that the definition of the phrase "municipal corporation" "may vary in meaning depending on the time, place, and circumstances under which it is used." City ofOlivette v. Graeler, 338 S.W.2d 827, 835 (Mo. 1960).
In State ex rel. Milham v. Rickhoff, 633 S.W.2d 733 (Mo. banc 1982), the Court held, with three judges dissenting, that the University of Missouri is not a municipal corporation for purposes of Sections 508.010(2) and 508.050 RSMo 1978 (venue statutes). The Court employed a narrow definition of municipal corporation, holding that for purposes of venue a municipal corporation has a "local nature". Id. at 735. In LaretInvestment Co. v. Dickmann, 134 S.W.2d 65 (Mo. banc 1939), the Court chose to define municipal corporation broadly, as a public corporation which performs an "essential public service". InBeiser v. Parkway School District, 589 S.W.2d 277 (Mo. banc 1979), the Court held that a school district is not a "municipality" for purposes of a statute creating an exception to sovereign immunity.
None of the cited cases provides guidance for analyzing the powers granted a body politic and corporate which is a "separate entity". We are convinced, however, that MOHELA's powers must be assessed against the standards provided for municipal corporations in that MOHELA performs an "essential public function". Section 173.360.