Dear Representative Danner:
This opinion is in response to your question asking:
 Under the provisions of House Bill No. 1418, can the City of Chillicothe, Missouri obtain payment from non-members of the Chillicothe Rural Fire Protection, Incorporated although the individuals who will be responding to such calls are employees of the City and not volunteers for a fire department manned by volunteers and organized for the purpose of combating fires in a specified area?
You have provided to us a copy of a contract dated December 28, 1964, between The Chillicothe Rural Fire Protection, Incorporated (hereinafter "the Corporation") and the City of Chillicothe, Missouri (hereinafter "the City") and a copy of an Addendum dated April 26, 1982, to said contract. Under the terms of these agreements, equipment purchased by the Corporation is placed in the hands of the City to be housed, maintained, repaired and cared for by the City. The Corporation is to reimburse the City for all oil, grease, maintenance and repairs to the equipment, the cost of gas in fighting fires of members of the Corporation, and the cost of personnel necessary to fight fires of members of the Corporation, along with certain other costs. The City is to provide firefighters to respond to fire calls of members of the Corporation.
Section 1 of House Committee Substitute for House Bill No. 1418, Eighty-third General Assembly, Second Regular Session (now Section 320.300, RSMo 1986) provides:
 320.300. Volunteer fire protection association, definition — As used in sections 320.300 to 320.310, the phrase "volunteer fire protection association" means any fire department which is manned by volunteers and organized for the purpose of combating fires in a specified area. The provisions of sections 320.300 to 320.310 shall apply only to volunteer fire protection associations either partially or wholly funded by membership or subscriber fees and shall not apply to fire protection districts supported by local tax revenues.
(Emphasis added.)
The bill provides for a volunteer fire protection association to charge fees to nonmembers of an association for responding to a fire of a nonmember. The bill further provides for the collection of such charge, including stating the volunteer fire protection association has a cause of action against the property owner. See Section 320.307, RSMo 1986.
A fundamental tenet of statutory construction is that words used in statutes are to be considered in their plain and ordinary meaning in order to ascertain the intent of the lawmakers, Beiser v. Parkway School District, 589 S.W.2d 277,280 (Mo. banc 1979), Bartley v. Special School District ofSt. Louis County, 649 S.W.2d 864, 867 (Mo. banc 1983), and when a statute is plain and unambiguous, there is no room for construction and it must be applied by the courts as it was written by the legislature. United Air Lines, Inc. v. StateTax Commission, 377 S.W.2d 444 (Mo. banc 1964).
By the language of Section 1 of the bill, the legislature has limited the application of its provisions solely to volunteer fire protection associations which, by definition, are manned by volunteers. The agreements between the Corporation and the City provide that the firefighters responding to fire calls of the Corporation's members shall be provided by the City. The City's firefighters are apparently salaried personnel, not volunteers. Therefore, we conclude that the City of Chillicothe may not obtain payment under House Committee Substitute for House Bill No. 1418, Eighty-third General Assembly, Second Regular Session, from nonmembers of The Chillicothe Rural Fire Protection, Incorporated for responding to fires of nonmembers.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General