Dear Representative McBride:
This opinion is in response to your question which you state as follows:
 Section 334.075 RSMo requires the State Board of Healing Arts to administer a continuing education program for physicians licensed in this state. The specific question of law is: "Does this section require the Board to establish and enforce an annual requirement or is the Board afforded the discretion to operate a multi-year requirement more parallel to established professional systems of continuing education?"
Section 334.075, RSMo Supp. 1987, provides:
 334.075. Renewal of certificate, minimum continuing education requirement, exception, retired physicians. — The board shall not renew any certificate of registration unless the licensee shall provide satisfactory evidence that he has complied with the board's minimum requirements for continuing education. At the discretion of the board, compliance with the provisions of this section may be waived for licensed physicians who have discontinued their practice of medicine because of retirement.
The question is whether the State Board of Registration for the Healing Arts (hereinafter "the Board") has the discretion to impose continuing education requirements for a multi-year time period or whether the Board must impose continuing education requirements that are to be completed on an annual basis.
A fundamental tenet of statutory construction is that words used in statutes are to be considered in their plain and ordinary meaning in order to ascertain the intent of the lawmakers. Beiser v. Parkway School District, 589 S.W.2d 277,280 (Mo. banc 1979). The primary object of statutory interpretation is to ascertain the intent of the legislature from the language used and to give effect to that intent. In so doing, words used in the statute are to be given their plain and ordinary meaning. Springfield Park Central Hospital v.Director of Revenue, 643 S.W.2d 599, 600 (Mo. 1983). When a statute is plain and unambiguous, there is no reason for construction and it must be applied by the courts as it was written by the legislature. United Air Lines, Inc. v. StateTax Commission, 377 S.W.2d 444, 448 (Mo. banc 1964).
Section 334.075 gives the Board the authority to mandate continuing education requirements. However, that section provides no time frame within which the Board must require licensees to complete continuing education requirements. The Board is given authority to waive such requirements for those physicians who have retired.
The statute does not require the Board mandate continuing education be obtained within a 12-month period. Courts are not allowed to "enlarge or extend a statute by construction unless it is necessary to obviate repugnancy and inconsistency and to give effect to the manifest intention of the legislature by the application of sound principles of interpretation." State exrel. Hall v. Bauman, 466 S.W.2d 177, 180 (Mo.App. 1971). By the same token, the Board does have the authority to mandate continuing education to be completed within 12 months if it so chooses. However, to allow the Board the discretion to require licensees to complete the continuing education requirements over a series of years is not repugnant to nor inconsistent with Section 334.075.
We have reviewed several licensing bodies that also have continuing education requirements. Licensees of the Board of Pharmacy, the Board of Optometry, and the Board of Podiatry must complete the continuing education requirements within a 12-month period. See Sections 338.060.3, 336.080, and 330.070.4, RSMo 1986. Under Section 339.040.7, RSMo 1986, continuing education for licensees of the Real Estate Commission must be fulfilled over a two-year period, while Section 326.110.2(5), RSMo 1986, relating to licensees of the Board of Accountancy, refers to a three-year time period. Construing Section 334.075 to allow the Board discretion in mandating compliance with continuing education requirements over a multi-year period would be in harmony with the other licensing statutes cited herein and accomplish the intent of the legislature to require licensed individuals to maintain their competence.
Conclusion
It is the opinion of this office that the State Board of Registration for the Healing Arts may, pursuant to Section334.075, RSMo Supp. 1987, require continuing education for physicians to be completed over a time period in excess of one year.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General