STATE of Missouri ex rel. John CRITES et al., Plaintiffs-Appellants,

v.

John S. WEST et al., Defendants-Respondents.

No. 9569.

Missouri Court of Appeals, Springfield District.

May 3, 1974.

L. Joe Scott, Poplar Bluff, for plaintiffs-appellants.

Ted M. Henson, Jr., Poplar Bluff, for defendants-respondents.

DOUGLAS W. GREENE, Special Judge.

This appeal is from an order of the Circuit Court of Butler County dismissing an alternative Writ of Mandamus which had been issued by the trial court on February 14, 1973. We affirm.

In Missouri, a county fire protection district is a creature of statute. The Butler County Fire Protection District exists by virtue of authority granted by chapter 321, RSMo 1969, V.A.M.S.

On January 9, 1973, initiative petitions were submitted to the board of directors of the fire district ordering them to call a special election to submit to the voters of the district the proposition: "Shall the Butler County Fire Protection District of Butler County be dissolved?" Appellants were signatories to the initiative petitions and are voters who reside in the district. Respondents, as members of the board of directors of the fire district, refused to call the election.

Appellants then filed a petition for a Writ of Mandamus in the Circuit Court of Butler County. The petition requested the trial court to order respondents to call a special election for the purpose of submitting the dissolution proposition to the voters of the district. The trial court issued an alternative Writ of Mandamus.

Respondents filed a motion to dismiss the petition and the alternative writ They contended that they, as the board of directors, had no legal right, power, or duty to call the election in question, and that appellants had adequate remedies at law if they wished to submit the proposition to the voters.

The trial court sustained the motion and dismissed the alternative writ, and appellants appealed from such order.

Section 321.220, RSMo 1969, V.A.M.S., sets out in detail the powers that may be exercised by the board of directors in providing fire protection. Subsection (14) gives the board the power to have and exercise all rights and powers necessary or incidental to or implied from the specific powers granted, and states that the specific powers granted shall not be considered as a limitation upon any power necessary or appropriate to carry out the intent and purpose of chapter 321. There is no express statutory language in Section 321.220, or in any other section in chapter 321 that gives the board of directors the right to call an election for the purpose of attempting to dissolve the fire district.

Section 321.490, RSMo 1969, V.A.M.S., states that all powers which may be exercised by the board of directors of the fire district may be exercised by the duly qualified electors of that district by initiative or referendum.

It necessarily follows that if the board had the right to call a dissolution election,

the qualified voters, by initiative petition, had a right to do so.

■ Appellants concede that the statutes do not specifically grant the board the power to call the election. They do contend that the question of whether or not the fire district should continue to operate was incidental to the operation of the district; that the board was given the statutory power to operate the district, and therefore the board has incidental, implied or inherent power to dissolve the district. We do not agree.

The legislature has specifically provided the method for dissolving a fire district. See Sections 321.390–321.410, RSMo 1969, V.A.M.S. The law provides that if at least one hundred owners of real estate located in the district file a petition in the circuit court of the county in which the district is located, asking for dissolution of the district, the court may order a hearing on the issue of whether or not it is in the best interest of the people to dissolve the district. If the court concludes that the district should, in the interest of public safety and welfare, be dissolved, it orders the submission of the issue to the qualified voters of the district. If two-thirds of the voters favor dissolution, the circuit judge orders the dissolution and appoints a trustee to liquidate the affairs of the district. It is interesting to note that the procedure requires a two-thirds affirmative voting majority to dissolve, while a referendum vote under Section 321.500, RSMo 1969, V.A.M.S. which appellants are asking us to order, requires only a simple affirmative majority.

This is a logical reason to explain why appellants have blatantly ignored an expressed statutory mandate prescribing the method of dissolution of a fire district, and have chosen to ride an implied horse.

■ A fire protection district is, in a broad sense, a municipal corporation, as it is designed for the performance of an essential public service. See Laret Inv. Co. v. Dickmann, 345 Mo. 449, 134 S.W.2d 65 (banc 1939), where the Supreme Court stated school districts and special road and drainage districts were municipal corporations.

■ Municipal corporations only possess expressly granted powers, and powers implied from or incident to those expressly granted powers. Any reasonable doubt concerning whether or not a municipal corporation possesses a given power must be resolved in the negative. Further, where the legislature has authorized a municipal corporation to exercise a power, and prescribed the manner in which it should be exercised, any other manner of exercising the power is denied to it. State ex rel. City of Blue Springs v. McWilliams, 335 Mo. 816, 74 S.W.2d 363 (banc 1934).

The powers and duties that appellants are requesting the court to delegate to the board of directors by judicial fiat, namely the power to order a dissolution election under the procedures of Sections 321.490 —321.500, RSMo 1969, V.A.M.S., are not incidental or necessary to carry into effect the specific legislative grant providing the method whereby the district may be dissolved. On the contrary, the method by which dissolution would be accomplished under appellants' scheme flies directly in the face of the specific legislative grant in at least two vital areas. The first is the hearing before the circuit court to determine whether dissolution is in the best interest of the welfare and safety of the people. The second is the margin of victory necessary to carry the day. There is a big difference between a two-thirds' majority and a simple majority in an election, as appellants' attorney candidly admitted in his appellate argument.

■ In order to dissolve or disincorporate a municipal corporation, the procedures prescribed by statute must be followed. County of Platte v. James, 489 S.W.2d 216, 218 (Mo.1973); In re City of Kinloch, 362 Mo. 434, 439, 242 S.W.2d 59, 62 (1951). Appellants have failed to do

so. Instead, they rely on the nebulous claims of implied and inherent rights, unsupported by statutory authority or case law, to circumvent the plain and concise directive of the legislature. Their claim of a right to proceed as they did is dubious at its best. Mandamus will not lie in doubtful cases. State ex rel. Coffman v. Crain, 308 S.W.2d 451 (Mo.App.1958). In addition, mandamus will not lie where the party seeking it has a specific, adequate and efficient legal remedy. State ex rel. Coffman v. Crain, supra. In this case appellants have such a remedy.

If appellants desire to seek the dissolution of the Butler County Fire Protection District, they should follow the specific statutory procedure as granted and expressed by the legislature in Sections 321.-390–321.410, RSMo 1969, V.A.M.S.

The judgment is affirmed.

All of the Judges concur.