LAKE COUNTRY ESTATES,
INC., Appellant,

v.

TEXAS DEPARTMENT OF WATER
RESOURCES, et al., Appellees.

No. 10–83–131–CV.

Court of Appeals of Texas,
Waco.

Sept. 22, 1983.

Don D. Martinson, Fanning & Harper, Dallas, Mike Willatt, Austin, for appellant.

Mark White, Atty. Gen. of Tex., John W. Fainter, Jr., 1st Asst. Atty. Gen., Richard E. Gray, III, Exec. Asst. Atty. Gen., Timothy L. Brown, Philip S. Haag, Asst. Attys. Gen., Bill Corsbie, Austin, Bill Jicha, Saginaw, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Lake Country Estates from judgment of the trial court that it take nothing in its suit against defendants Texas Department of Water Resources and Tarrant County Municipal Utility District No. 1.

Plaintiff Lake Country Estates filed this suit in Tarrant County against Tarrant County Municipal Utility District No. 1 alleging misrepresentation and discrimination on the part of the Utility District and seeking to order the Utility District to provide water and sewer service to plaintiff's land for the purpose of development into residential lots, and to further order the Utility District to pay plaintiff 70% of the cost of certain water and sewer facilities previously provided by plaintiff.

The District filed a plea of privilege to have the suit transferred to Travis County which was granted. The District then filed a plea in abatement in Travis County asserting primary jurisdiction was with the Texas Department of Water Resources. The plea in abatement was sustained and the trial court dismissed plaintiff's case. Plaintiff then filed its complaint with the Texas Water Commission. After hearing the Texas Water Commission held it had no jurisdiction to grant the relief sought by plaintiff, but made Findings of Fact and Conclusions of Law on the issues incidental to the relief sought by plaintiff. Such findings were adverse to plaintiff and prejudicial to plaintiff. Plaintiff appealed the Texas Water Commission order to the District Court of Travis County which, after hearing, rendered judgment that plaintiff take nothing.

Plaintiff Lake Country Estates appeals the take nothing judgment of the District Court on 3 points: (1) the trial court erred in not striking Findings of Fact 3, 4, 5, and 6 and Conclusions of Law 3 and 4 of the order of the Texas Water Commission; (2) the trial court erred in not remanding the case to the Texas Water Commission with instructions to strike Findings of Fact 3, 4, 5 and 6 and Conclusions of Law 3 and 4 from the order of the Commission; and (3) the trial court erred in not holding that the Texas Water Commission did not have jurisdiction to make Findings of Fact 3, 4, 5 and 6 and Conclusions of Law 3 and 4.

Plaintiff Lake Country Estates sought to have the Texas Water Commission order defendant Water District to supply utilities to certain of plaintiff's lots (paying 70% of the cost); and to order the Water District to reimburse plaintiff for 70% of the amounts spent by plaintiff in providing utilities to lots for which plaintiff paid the entire cost of connections.

The Texas Water Commission held that it did not have jurisdiction to grant the relief sought under Section 12.081 of the Texas Water Code; and then "with reference to the other issues raised by the pleadings, * * makes the following Findings of Fact and Conclusions of Law:

"Findings of Fact:

\*  \*  \*  \*  \*  \*

3. There was no discrimination on the part of defendant District practiced against [plaintiff].

4. The action taken by the Board of Directors of the District relating to the cost participation of [plaintiff] was based on economic consideration and was not arbitrary, capricious, or unreasonable, nor was it a malicious decision made for the purpose of breaking the developer.

5. There was no representation made by the District at the time of its creation that it would provide water, sewer and drainage services to the extent allowed by the Texas Water Commission. Rather, the matter had been left to the discretion of the District Directors as set forth in the original election proposition authorizing the issuance of bonds by the District.

6. Whatever problems [plaintiff] has faced concerning the policies of the District are political, not legal, and result from the election of a Board of Directors opposed to [plaintiff's] views.

Conclusions of Law:

\* \* \* \* \* \*

3. The District's developer contribution policy does not constitute a violation of [plaintiff's] constitutional right to equal protection under the law or due process and does not constitute illegal discrimination \* \*.

4. It would be improper for the Commission to substitute its judgment for that of the Board of Directors of the District in conducting the ordinary affairs of the District in a manner not arbitrary, capricious, unreasonable, or discriminatory, and which is not contrary to previous orders of the Commission."

This case is another chapter in a series of litigation between the parties. See *Lake Country Estates, Inc. v. Toman* (Tex.App. (Fort Worth) Ref. N.R.E.) 624 S.W.2d 677. Lake Country Estates is a land developer. The Utility District is a furnisher of water, drainage and sewer utilities to lots in the area encompassing Lake Country. The Utility District was created at the instance of Lake Country which appointed its first Board of Directors. A group of residents opposed the inclusion of their property into the District, organized a "Concerned Citizens Committee" and opposed District expansion. They lost, but some of them ran for the Board of Directors of the District and won. It is some of their actions that is the subject of this suit. The Utility District owns the central facility. The Utility District finances its operation through taxation, sale of water and sewer services, and through the sale of bonds. Each new house which goes into operation brings the District more revenue through taxes and money paid for utility services. The Utility District prior to the election of the present directors paid 70% of the cost of tie in to the central facility and the land developer paid 30% of the cost. After the present Directors assumed office, they first changed the ratio to 50% for developer and utility, and then changed same to 100% for the developer and 0% for the utility.

Plaintiff contended that such changes were illegal, that same would cause it to have to sell its lots at a loss, and that the actions of the Board was arbitrary, capricious, and maliciously taken for the purpose of doing injury to the developer.

As noted the case was first filed in Tarrant County, moved to Travis County, and then dismissed and refiled with the Texas Water Commission as a Section 12.081 complaint alleging the District's refusal to provide requested facilities on a 70/30 basis was arbitrary and unreasonable, and seeking to have the Water Commission order the Utility to provide such services on a 70/30 basis and further order the Utility to refund 70% of the cost of certain facilities installed by the developer at its cost.

The Commission held a lengthy hearing, heard numerous witnesses on both sides, and finally concluded it did not have jurisdiction to grant the relief sought by the developer, i.e. ordering the District to provide facilities on a 70/30 basis, and refund

70% of cost of facilities provided by the developer, but did file Findings and Conclusions complained of. The developer states in its brief "Appellant does not complain of the Commissioners' holding that it has no jurisdiction to grant the relief sought", but objects to the Findings and Conclusions as it *assumes* it will be met by a claim the Findings and Conclusions are Res Judicata when it goes back to District Court to obtain the relief it believes itself entitled to.

We hold the trial court authorized to render the take nothing judgment that it rendered against plaintiff, and plaintiff admits the Commission correct in holding it had no jurisdiction to grant the relief sought. And we think the Water Board had jurisdiction to make the complained of Findings and Conclusions under Section 12.-081 of the Water Code. Finally plaintiff has not shown how the Findings and Conclusions could be Res Judicata in the referenced speculative future suit. See *Bryant v. Moore Canning Co., et al., Tex.Civ.App. (Corpus Christi)*, 509 S.W.2d 432, cert. denied, 419 U.S. 845, 95 S.Ct. 79, 42 L.Ed.2d 74.

All plaintiff's points are overruled as are appellee Utility District's crosspoints.

AFFIRMED.