The Honorable Don Summers State Representative, District 2 State Capitol Building, Room 101-B Jefferson City, Missouri 65101
Dear Representative Summers:
This opinion responds to your questions regarding the Unionville Special Road District ("District") within Putnam County. The District was formed under §§ 233.320 through233.445.[1] These provisions govern special road districts created in counties which operate under a township organization form of county government, as Chapter 65 authorizes.
You provided the following facts as background for your questions. The boundaries of the District are almost identical to the boundaries of the city of Unionville. Only one and one-half miles of road within the District are outside the city's boundaries. In November 1993, the voters of the District authorized an extension of the ad valorem tax that raises revenue for the District. That tax is still in effect and the District receives revenue from it. Near the time the tax was authorized, the city of Unionville announced that it no longer wanted the District to maintain streets located in the city. Litigation followed regarding division of equipment, resulting in a settlement. The District sold the equipment it retained after the settlement, and at the time of your opinion request had approximately $117,000 on hand. The city now maintains the roads within it's borders at its expense and, as a consequence, the District now maintains only 2 small stretch of roadway. Because it maintains so little roadway, but collects tax on all property within its boundaries, including property within the city, the District has excess funds from the tax levy.
Given this background, your questions are as follows.
 1. May the District's Board give the District's excess revenue away? If so, to whom and for what?
 2. May the District dissolve merely by a vote of its Board?
Section 233.325.5 provides that a special road district incorporated under § 233.320 et seq. is "a political subdivision of the state for governmental purposes with all the powers mentioned in this section and such others as may be conferred by law." In City of Olivette v. Graeler, 338 S.W.2d 827,835 (Mo. 1960), the Missouri Supreme Court found:
 In its strict and primary sense the term `municipal corporation' applies only to incorporated cities, towns, and villages, having subordinate and local powers of legislation. * * * But in the larger and ordinarily accepted sense the term is applied to any public local corporation, exercising some function of government, and hence includes counties, school districts, townships under township organization, special road districts and drainage districts.
(emphasis ours) (quoting State ex rel. Caldwell v. Little RiverDrainage District, 236 S.W. 15, 16 (Mo. 1921)), overruled onother grounds by City of Town and Country v. St. Louis County,657 S.W.2d 598, 606 (Mo. banc 1983).
In Laret Inv. Co. v. Dickmann, 345 Mo. 449, 134 S.W.2d 65
(banc 1939), the Missouri Supreme Court found that a special road district was a municipal corporation. In State ex rel. Crites v. West, 509 S.W.2d 482, 484 (Mo.App. 1974), the Court of Appeals stated the general rule:
 Municipal corporations only possess expressly granted powers, and powers implied from or incident to those expressly granted powers. Any reasonable doubt concerning whether or not a municipal corporation possesses a given power must be resolved in the negative. Further, where the legislature has authorized a municipal corporation to exercise a power, and prescribed the manner in which it should be exercised, any other manner of exercising the power is denied to it.
We can find no authority, express or implied, for the District to give away its excess revenues. Thus, we conclude that the District has no power to donate its revenues.
You next inquired whether the District may dissolve merely by a vote of its Board. In that regard, § 233.425 provides.
 Whenever a petition, signed by the owners of a majority of the acres of land owned by residents of the county residing within the district organized under the provisions of sections 233.320 to 233.445, shall be filed with the county commission of any county in which such district is situated, setting forth the name of the district and the number of areas owned by each signer of such petition and the whole number of areas in such district, the county commission shall have power, if in its opinion the public good will be thereby advanced, to disincorporate such road district. No such road district shall be disincorporated until notice is published in at least one newspaper of general circulation in the county where the district is situated for four weeks successively prior to the hearing of such petition.
In State ex rel. Crites, supra., the dissolution of a fire protection district was at issue. There, the court found that there was no implied or inherent power of the board to dissolve the district, particularly where, as here, the legislature has specifically provided the method for dissolution. Thus, we conclude that the District may dissolve only in accordance with § 233.425. That statute sets forth a procedure involving much more than a vote of the Board.
CONCLUSION
It is the opinion of this office that a special road district organized under § 233.320 et seq. may not give away its revenues. Further, those districts may dissolve only in accordance with § 233.425.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] All statutory references, unless otherwise noted, are to the 1994 Revised Statutes of Missouri (RSMo).