**STATE ex rel. Billy H. TROTTER, et al., Respondents,**

v.

**Brenda CIRTIN, Springfield, Missouri, City Clerk, Respondent–Appellant,**

**and**

**Larry B. Childress, et al., Appellants.**

No. 78925.

Supreme Court of Missouri, En Banc.

Feb. 25, 1997.

Rehearing Denied March 25, 1997.

James A. Burt, Thomas Strong, Springfield, for appellants.

Nancy K. Yendes, Assistant City Attorney, Springfield, for respondent–appellant.

Dan G. Busch, Springfield, for respondents.

PRICE, Judge.

This case arises out of the continuing attempts of Larry and Penny Childress to rezone thirty-seven acres of land they own at the northeast corner of U.S. 65 and Battlefield Road in Springfield, Missouri, from agricultural/residential to general commercial. Having been denied rezoning by the zoning commission and the city council, the Childresses filed an initiative petition with the

city seeking to have the property rezoned by a vote of the people. Adjoining landowners sought and obtained a writ prohibiting any further initiative proceedings. We reverse.

## I.

Respondents (relators below) are Billy H. Trotter and Armilda Trotter, husband and wife and partners in Trotter's Real Estate Partnership. They own a housing development adjacent to the thirty-seven acres at issue. Jerry L. Redfern and Paul L. Redfern are also respondents. Jerry owns real estate near the property at issue, and Paul is a resident of Springfield and owns property therein, upon which he pays property tax.

Appellants (respondents below) are the Springfield city clerk and members of the Springfield city council. Larry and Penny Childress are also appellants. They intervened below and own the thirty-seven acre tract that they seek to rezone. McLean Enterprises, Inc. is also an intervenor/appellant. The record before us is not clear as to this corporation's interest.

The history of this case stretches back to 1992 when the Childresses sought approval of a planned unit development (PUD) from the Springfield planning and zoning commission (zoning commission) for this thirty-seven acre tract of land that was zoned agricultural/residential. The zoning commission and the Springfield city council (city council) rejected this request.

The Childresses then compiled over 3,000 signatures to have the property rezoned to C–2 general commercial by initiative petition. The petition was presented to the city on March 26, 1993. The city council directed the city clerk to take no action on the petition. The Childresses sought a writ of mandamus ordering the clerk to proceed. The trial court denied the writ and the court of appeals affirmed [1] holding that the Springfield "charter's provisions for notice and hearing on proposed zoning ordinances may not be circumvented by the adoption of zoning measures through the initiative pro-

cess...." *State ex rel. Childress v. Anderson,* 865 S.W.2d 384 (Mo.Ct.App.1993).

Rather than seeking transfer, the Childresses returned to the zoning commission with their request that the property be rezoned to C–2 commercial. The zoning commission considered and denied the Childresses' request on January 6, 1994, and the city council considered and denied the request on February 21, 1994. Meanwhile, on January 14, 1994, the city council passed a bill calling for an election to amend the city charter "to provide that the zoning of property shall not be subject to the initiative or referendum process." The explanation attached to the bill stated:

> The current request to rezone the property to C–2 is an attempt to comply with conditions precedent to rezoning so that the property owners can refile their lawsuit. While there are other issues that might be considered by the Court, should the matter be put in litigation again, it is the recommendation of the City staff that the City Charter should be amended to once and for all decide this question by giving the voters the opportunity to decide if they believe zoning of property can be the subject of the initiative or referendum process.

The charter amendment was presented to the voters of Springfield on April 5, 1994. Over seventy-five percent of those voting opposed the amendment.

On May 2, 1994, the city council directed the city clerk to proceed with the Childresses' initiative petition. On May 9, 1994, the clerk notified the parties that she had completed the verification and that the petition contained the appropriate number of signatures. The next step in the initiative process would be for the city council to consider the Childresses' petition. Springfield City Charter Section 14.6. If the council rejects the petition, it would then go to a direct vote of the people. The Trotters and Redferns, however, filed their petition for a writ of prohibition to stop the initiative process midstream. The Greene County Circuit Court entered an order granting the writ and pro-

---

1. The court of appeals treated the trial court decision as a decision on the merits and as appealable. *State ex rel Childress v. Anderson,* 865 S.W.2d 384, 386 (Mo.App.1993).

hibiting any further initiative proceedings. The court of appeals affirmed.

## II.

■ As a preliminary matter, we address respondents' contention that the issue before us is barred by res judicata. "The doctrine of res judicata precludes parties from contesting matters that the parties have had a full and fair opportunity to litigate." *Lay v. Lay,* 912 S.W.2d 466, 471 (Mo. banc 1995). The doctrine applies:

> not only to points and issues upon which the court was required by the pleadings and proof to form an opinion and pronounce judgment, but to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time.

*King Gen. Contr. v. Reorganized Church,* 821 S.W.2d 495, 501 (Mo. banc.1991).

Res judicata, however, is not applicable here. Although the issue was previously raised in *State ex rel. Childress v. Anderson,* 865 S.W.2d 384 (Mo.Ct.App.1993), it was not decided and it was expressly reserved. The court stated:

> As previously found, the citizens of Springfield, through their charter construed as a whole, did not reserve to themselves the power to adopt, through the initiative process, a zoning ordinance which has not been submitted to the commission for examination and recommendation. As such, it is not necessary for the resolution of this case to decide the question ... of whether § 89.010 et seq. preempts the adoption of zoning measures through initiative in a charter city.

*Id.* at 391.

## III.

■ Courts are often called upon in attempts to derail initiative proceedings prior to a public vote. Because the election has not yet occurred, ripeness is almost always an issue. A dispute may arise only if the petition is passed. As was stated in *Local Union 1287 v. Kansas City Area Transportation Authority:*

It is premature to render a judgment or opinion on a situation that may never occur. A question is justiciable only where the judgment will declare a fixed right and accomplish a useful purpose. The question presented must be ready for judicial decision. If it is not, the judgment is a nullity. 848 S.W.2d 462, 463 (Mo. banc 1993) (citations omitted). For this reason, courts do not address matters of substantive interpretation prior to the election. *See Pitman v. Drabelle,* 267 Mo. 78, 183 S.W. 1055, 1057 (1916). Where the "issue ... is dependent upon ... the outcome of an election not yet held ... [w]e will not rush to review the possible legal effect of such matters...." *Craighead v. City of Jefferson,* 898 S.W.2d 543, 547 (Mo. banc 1995). "Courts do not sit in judgment on the wisdom or folly of proposals. Neither will courts give advisory opinions as to whether a particular proposal would, if adopted, violate some superseding fundamental law...." *Missourians to Protect the Initiative Process v. Blunt,* 799 S.W.2d 824, 827 (Mo. banc 1990).

■ Prior to presentation of an initiative to the people, courts may consider only procedural or ballot issues that have a bearing upon the integrity of the election itself. "Our single function is to ask whether the constitutional requirements and limits of power, as expressed in the provisions relating to the procedure and form of initiative petitions, have been regarded." *Missourians to Protect the Initiative Process,* 799 S.W.2d at 827. A writ of prohibition may be issued regarding an initiative petition on substantive grounds only if the issue of law raised is "so clear or settled as to constitute matters of form." *Craighead,* 898 S.W.2d at 545.

■ In this case, there is no irregularity raised as to the procedures that have occurred or as to the ballot title. The Springfield City Charter reserves to the people of Springfield the rights of initiative, referendum, and recall. No language in the charter expressly exempts zoning matters from these rights as in *State ex rel. Powers v. Donohue,* 368 S.W.2d 432 (Mo. banc 1963). In fact, the people of Springfield rejected such an exemption in an election held on April 5, 1994.

Relators claim that as a matter of substantive law, the more specific provisions of the Springfield Charter regarding zoning take precedence over the more general provisions of the charter regarding initiative petitions. Relators also claim that the notice, hearing, and protest provisions of Chapter 89 preempt the use of initiative proceedings regarding zoning. Neither the charter nor statute expressly mandates such a conclusion. Nor is there existing precedent from this Court that would do so. As such, it cannot be said that these substantive issues are so clear as to constitute a matter of form.

The judgment of the trial court is reversed and the matter is remanded for the writ to be quashed and the case dismissed.

All concur.