

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

GEORGIANN MANZ, ET AL., )
)
Appellants, )
)
vs. )      WD78662
)      Opinion filed: June 16, 2015
PRAIRIE TOWNSHIP FIRE PROTECTION )
BOARD, ET AL., )
)
Respondents. )

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## THE HONORABLE KENNETH R. GARRETT III, JUDGE

Before Special Division: Victor C. Howard, Presiding Judge,
James E. Welsh, Judge and Mark D. Pfeiffer, Judge

Thomas and Georgiann Manz, Donald and Vada Bryant, Trudy Surber, Suzanne Apel, and Melissa Burner (Petitioners) appeal the judgment of the trial court denying their motion for writ of mandamus requesting the trial court to direct the Jackson County Election Board to place on the August ballot a question that would allow voters to determine whether property within Blue Springs should be excluded from the boundaries of the Prairie Township Fire Protection District.[1] The trial court's judgment is affirmed.

---

[1] Respondent Prairie Township Fire Protection Board filed a motion to dismiss the appeal because Petitioners' statement of facts violates Rule 84.04(c) in that it frequently fails to provide citations to the record, is biased, and contains numerous conclusive statements and legal arguments. The motion was taken with the case. Petitioners' statement of facts is not so deficient as to preclude review. The motion is denied.

**Background**

Petitioners are residents of Blue Springs whose property is located within the boundaries of the Prairie Township Fire Protection District (District). The City of Blue Springs does not have a municipal fire department. The Central Jackson County Fire Protection District provides the majority of Blue Springs with emergency services.

In February of this year, 270 pages of referendum petitions were submitted to the Jackson County Election Board. The referendum petitions contained the following proposed ballot language:

> Shall the Prairie Township Fire District exclude from its boundaries all of the property located within the City of Blue Springs?

The Election Board completed the verification process and determined that the petitions contained at least 463 signatures of registered qualified voters of the District. The number of signatures collected exceeded the number of voters in the last regular election conducted in the District.

On May 11, Petitioners filed their motion for writ of mandamus, suggestions in support, and verified petition to call an election. The motion alleged that the referendum petitions had been submitted to the District board of directors (District Board) but the District Board had refused to call an election pursuant to its ministerial duty under section 321.500, RSMo 2000.[2] The motion further alleged that all of the requirements to have the referendum on the August ballot had been met. Petitioners requested a trial court order directing the Jackson County Election Board to place the referendum question on the August 4, 2015 election ballot.

---

[2] All statutory references are to RSMo 2000 unless otherwise indicated.

That day, the trial court issued a preliminary order in mandamus directing the Election Board to place the referendum issue on the ballot for the August 4, 2015 election. The preliminary order set a hearing for May 20.

In response to Petitioners' motion for writ of mandamus, the District Board alleged that it was not authorized under Missouri law to call the election sought. It argued that because it did not possess the power to call the requested election, the citizens could not through referendum seek such an election.

On May 20, the trial court conducted a hearing on the motion for writ of mandamus and preliminary order. Counsel for Petitioners stated that the only issue for the trial court was whether the requirements for a referendum election were met. The case was submitted based upon the pleadings of record, the admitted and stipulated facts, the matters upon which the court took judicial notice, and the arguments of counsel. Petitioners did not call witnesses or seek admission of evidence.

Following the hearing, the trial court entered its judgment quashing the preliminary order and denying the motion for writ of mandamus. This appeal by Petitioners followed.

An appeal will lie from the denial of a writ petition when a lower court issued a preliminary order in mandamus but then denied a permanent writ. *U.S. Dep't of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 358 (Mo. banc 2013). "An appellate court reviews the denial of a petition for a writ of mandamus for an abuse of discretion." *Id.* at 359. In denying a writ, an abuse of discretion occurs when the trial court misapplies the applicable statutes. *Id.*

"The purpose of the extraordinary writ of mandamus is to compel the performance of a ministerial duty that one charged with the duty has refused to perform." *Furlong Companies, Inc. v. City of Kansas City*, 189 S.W.3d 157, 165-66 (Mo. banc 2006). "The issuance of a writ is

3

justified only when some legal authority requires an official to perform a particular act." *Banks v. Slay*, 410 S.W.3d 767, 769 (Mo. App. E.D. 2013). Mandamus may be used to enforce existing rights but not to establish new rights. *Id.* "A litigant asking relief by mandamus must allege and prove that he has a clear, unequivocal, specific right to a thing claimed. He must show himself possessed of a clear and legal right to the remedy." *Furlong Companies*, 189 S.W.3d at 166. "Whether a petitioner's right to mandamus is clearly established and presently existing is determined by examining the statute or ordinance under which petitioner claims the right." *State ex rel. Lee v. City of Grain Valley*, 293 S.W.3d 104, 107 (Mo. App. W.D. 2009)(internal quotes and citation omitted). Mandamus may only be used where the ministerial duty sought to be performed is definite and arises under conditions imposed by law. *Furlong Companies*, 189 S.W.3d at 166.

Petitioners first contend that the trial court erred in quashing the preliminary order and in denying the motion for writ of mandamus because Missouri law requires the election to be held prior to a court reaching substantive matters. Petitioners are correct that Missouri courts recognize and follow a general rule against pre-election judicial review concerning the substantive legality of ballot measures. *State ex rel. Hazelwood Yellow Ribbon Committee v. Klos*, 35 S.W.3d 457, 468 (Mo. App. E.D. 2000). "The underlying rationale for the rule is that because the election might result in the proposed measure being voted down, there normally is no justiciable controversy ripe for adjudication, unless and until the measure is approved and becomes law." *Id.* (citing *State ex rel. Trotter v. Cirtin*, 941 S.W.2d 498, 500 (Mo. banc 1997), and other cases). However, a court may consider procedural or ballot issues that have a bearing upon the integrity of the election itself prior to presentation of an initiative to the people. *Cirtin*, 941 S.W.2d at 500. "'Our single function is to ask whether the constitutional requirements and

limits of power, as expressed in the provisions relating to the procedure and form of initiative petitions, have been regarded.'" *Id.* (quoting *Missourians to Protect the Initiative Process v. Blunt*, 799 S.W.2d 824, 827 (Mo. banc 1990)).

Sections 321.490 through 321.500 govern the procedures for initiative or referendum elections in fire protection districts. Section 321.490 defines and limits the powers the voters of a fire protection district may exercise by initiative or referendum. It provides, "All powers which may be exercised by the board of directors of a fire protection district may be exercised by the voters of that district by initiative or referendum." Section 321.495 governs the form of the petition. Finally, section 321.500 provides:

> 1. If an initiative or referendum petition is presented to the secretary of the board of directors, which petition carries the names of voters of the district, equal in number of votes of the district who voted in the last regular district election, the board of directors shall submit the question pursuant to the order or demand of the petition.
>
> 2. The measure called for in the petition is adopted if it receives an affirmative majority vote of the voters voting at the district election.

Before a referendum or initiative appears on the ballot in a fire protection district, the requirements of sections 321.490 through 321.500 must be met. Included within those requirements is that the voters possess the power they seek to exercise through referendum or initiative. Specifically, the voters in a fire protection district are limited in section 321.490 to exercise by referendum only those powers that the board of directors of the fire protection district may exercise. The matter presented in this case was whether the District Board, and in turn the voters of the District through referendum, had the power to exclude property from the boundaries of the District. The trial court properly considered the limits of power expressed in sections 321.490 through 321.500.

5

Section 321.220, RSMo Cum. Supp. 2013, specifically sets out the powers, authority, and privileges of the board of directors for the purpose of providing fire protection to the property in the district. *State ex rel. Crites v. West*, 509 S.W.2d 482, 483-84 (Mo. App. 1974). There is no express statutory language in section 321.220 or in any other section in Chapter 321 that gives the board of directors the power to redraw the district boundaries to exclude property from the district. Petitioners concede that Chapter 321 does not grant the board of directors the power to exclude property from the district on its own initiative. They argue, however, that such power falls within a catchall provision, section 321.220(14). Subsection (14) gives the board of directors the power "[t]o have and exercise all rights and powers necessary or incidental to or implied from the specific powers granted" and further states that "[s]uch specific powers shall not be considered as a limitation upon any power necessary or appropriate to carry out the purposes and intent of [Chapter 321]." §321.220(14). Petitioners claim that this catchall provision provides the board of directors with the power to exclude property from the district when it is necessary to fulfill the purpose of providing fire protection to the district. Petitioners claim fails.

"A fire protection district is, in a broad sense, a municipal corporation, as it is designed for the performance of an essential public service." *Crites*, 509 S.W.2d at 484. *See also McCarthy v. Community Fire Protection Dist. of St. Louis Co.*, 876 S.W.2d 700, 704 (Mo. App. E.D. 1994). "Municipal corporations owe their origin to, and derive their powers and rights wholly from, the legislature." *State ex rel. City of Blue Springs v. McWilliams*, 74 S.W.2d 363, 364 (Mo. banc 1934)(internal quotes and citation omitted). Thus, a municipal corporation possesses and can exercise only those powers expressly granted, those powers implied in or incidental to the powers expressly granted, and those powers indispensably essential to the

declared objects and purposes of the municipal corporation. *McWilliams*, 74 S.W.2d at 364; *Brunner v. City of Arnold*, 427 S.W.3d 201, 221 (Mo. App. E.D. 2013); *Crites*, 509 S.W.2d at 484. Any fair, reasonable doubt as to whether a power has been delegated to a municipality will be resolved in favor of non-delegation. *Id.* Furthermore, where the legislature has authorized a municipality to exercise a power and prescribed the manner of its exercise, the right to exercise the power in any other manner is necessarily denied. *McWilliams*, 74 S.W.2d at 364; *Crites*, 509 S.W.2d at 484.

The General Assembly has addressed the altering of fire protection district boundaries in sections 321.300, 321.310, and 321.320. Section 321.300 allows the boundaries of fire protection districts to be changed for purposes of expansion of the district. Such procedures require the filing of a petition with the board of directors by the voters in the area to be annexed or the owners of land to be included, a hearing and determination by the board of directors of whether it is in the best interest of the district to grant the petition, and a court order or a vote by voters residing in the area to be added. § 321.300. Pursuant to this section, the board may not expand the boundaries on its own initiative; instead the expansion must be initiated by voters in the area to be annexed or owners of real property near or adjacent to the district. *Id.*

Section 321.310 provides for exclusion of property from a fire protection district on petition of the property owners. Such procedures generally require the filing of a petition with the board of directors by the owner of specific property within the district praying the property be excluded. §321.310.1. The petition must describe the property and must be acknowledged in the same manner and form as required in case of a conveyance of land and be accompanied by a deposit of money sufficient to pay all costs of the exclusion proceedings. *Id.* Further, notice must be posted and a hearing must be held by the board to determine if it is in the best interest of

7

the district to exclude the property. *Id.*; § 321.310.2. Any person aggrieved by any decision of the board may appeal the decision to the circuit court. § 321.310.2. Nothing in section 321.310 permits the board of a fire protection district to exclude from the district property whose owner has not petitioned the board and had their matter adjudicated under the statute.

Finally, section 321.320 addresses the exclusion of property under certain conditions when the property also resides in a city that maintains a city fire department. It is undisputed that Blue Springs does not maintain its own fire department, thus this provision is not relevant in this case.

The General Assembly has expressly prescribed in sections 321.310 and 321.320 the manner in which the boundaries of a fire protection district may be altered to exclude property from the district. The power to exclude property from the district in any other manner, including on the board of directors' own initiative or by permitting a public referendum, is necessarily denied. *See Crites*, 509 S.W.2d at 483-84 (where Chapter 321 specifically provided method for dissolving fire protection districts, board of directors of fire protection district did not have power to dissolve district as an implied, incidental, or inherent power). Because the District Board did not have the power to exclude property from the district, the voters of the District did not have power to exclude property from the District by initiative or referendum. Petitioners failed to prove that they had a clear, unequivocal, and specific right to have the referendum question placed on the August 4, 2015 ballot. The trial court did not abuse its discretion in denying the motion for writ of mandamus.[3]

---

[3] Petitioners argue that the decision of the trial court was not supported by substantial evidence and that it entered its judgment based on an undeveloped record and facts that were not admitted into evidence. Petitioners' argument, however, relates to gratuitous findings made by the trial court regarding the adequacy of petitions filed by individuals under section 321.310 to exclude their property from the district. The issue in this case was whether the requirements for a referendum election were met, and specifically whether excluding property from the District fell within the statutory powers of the District Board and, in turn, was subject to referendum. The issue was a question of law, and the facts material to it were not disputed. Petitioners do not allege that they were denied the opportunity

8

The judgment is affirmed.

_____
VICTOR C. HOWARD, JUDGE

All concur.

---

to present evidence at the hearing and do not identify any evidence that would have supported a ruling in their favor. The trial court's findings regarding the individual petitions were unnecessary to its determination of the issue in this case. Additionally, Petitioners contend that the trial court incorrectly assumed that Petitioners could accomplish the same relief they sought with referendum—the exclusion from the District of all property located in the City of Blue Springs—through section 321.310, which provides a mechanism only for the removal from the District of individual parcels by individual property owners. This issue need not be addressed. An appellate court's concern on appeal of the denial of a petition for writ of mandamus is whether the trial court reached the correct result, rather than whether the legal reasons the trial court gave in making the decision were correct. *Dade v. Missouri Bd. of Probation & Parole*, 194 S.W.3d 382, 383 (Mo. App. W.D. 2006). As discussed, under section 321.490, the voters of the District did not have the power to exclude property from the District by referendum. The trial court correctly found that "the ballot issue sought is not authorized by existing Missouri law" and properly denied the motion for writ of mandamus.