**LAKE ST. LOUIS COMMUNITY ASSOCIATION, Appellant,**

v.

**STATE TAX COMMISSION, Respondent.**

No. 70079.

Supreme Court of Missouri, En Banc.

Nov. 15, 1988.

Robert F. Dwornick, Stephen L. Kling, Jr., Christopher G. Kelleher, C. Michael Bakewell, St. Louis, for appellant.

Daniel G. Pelikan, Sp. Asst. County Counselor, St. Charles, for respondent.

BLACKMAR, Judge.

The appellant landowner is a not-for-profit corporation which claims that four parcels of land which it owns in St. Charles County are exempt from ad valorem real estate taxes. The State Tax Commission held that it lacked jurisdiction because the claim was not presented to the county board of equalization or to it in a timely manner. The landowner filed a petition for review in the court below which affirmed the decision of the Commission. We have jurisdiction over this appeal because the case involves the construction of the revenue laws of the state. Mo. Const. Art. V, § 3. Inasmuch as no evidentiary hearing was held before the Commission or the circuit court, we take the factual allegations of the petition for review as true. We reverse the judgment and remand the case to the State Tax Commission for review on the merits.

The county authorities, prior to 1985, considered that the landowner was exempt from ad valorem property taxation. In March or April of 1986, however, the county assessor mailed notices of valuation on the four parcels in question to the landowner.

The landowner, prior to the third Monday in June of 1986 (June 16), made inquiry of the assessor as to its tax status and under date of June 24, 1986 received a letter over the signature of the chief deputy assessor reading as follows:

> The Lake St. Louis Community Association, a not for profit organization, is exempt from real estate taxes in St. Charles County.

On November 14, 1986, however, the landowner received four tax bills for the property in question. The landowner made oral inquiry of the assessor's office and was advised that the office had changed its mind about the landowner's tax-exempt status. In a letter dated January 15, 1987, counsel for the landowner made a formal request for reconsideration of the assessor's decision, and on January 20, 1987 was advised that there would be no reconsideration.

On May 7, 1987 the landowner filed a request with the St. Charles County Board of Equalization for extension of time to appeal the 1986 real estate tax assessments. On June 1, 1987 the board of equalization denied the request.

The landowner then filed with the State Tax Commission a "Complaint for Review of Assessment" for each of the four parcels. The Commission's stamp shows that these were received by the legal section on July 1, 1987. The Commission issued its order, effective July 10, 1987, rejecting the appeal on the ground that the appeal to the board of equalization was not filed within the time requirements. The order stated that complaints for review of assessments from first class counties had to be filed with the Commission "no later than August 15 or within 30 days of the county board of equalization decision." The order also stated that appeals had to be filed with the Commission "in the year of assessment."

On August 7, 1987 the landowner filed a petition for review of the decision of the State Tax Commission in the court below. Following extensive briefing and oral argument, the court, on November 30, 1987, entered its order, without accompanying opinion, affirming the decision of the State Tax Commission.

The respondent argues that the landowner's appeal to the county board of equalization was not timely, citing § 137.385, RSMo 1986, reading in pertinent part as follows:

Any person aggrieved by the assessment of his property may appeal to the county board of equalization.... Such appeal shall be lodged with the county clerk as secretary of the board of equalization before the third Monday in June; provided, that the board may in its discretion extend the time for filing such appeals.

The problem is that if the assessor indicated a change of position as to whether the landowner was subject to ad valorem taxation by sending out notices in March or April of 1986, the letter of June 24, 1986 indicated an abandonment of that position and a return to the prior assumption that the landowner was not subject to taxation on the four parcels. It is also asserted that the question of taxability was presented to the assessor prior to the third Monday in June. If the assessor no longer claimed that the property was subject to taxation

the taxpayer had no occasion to appeal to the board of equalization. Its standing to appeal under these circumstances, indeed, would be in question. *Hertz Corporation v. State Tax Commission*, 528 S.W.2d 952 (Mo. banc 1975).

The respondent contends that there is simply an issue between the landowner and its lessee as to which is liable for ad valorem taxation, and argues that the property, rather than the owner, is the subject of the tax. This argument relates to the substance of the issue, which neither the Commission nor the court below reached. The landowner asserts that the property in its hands is exempt from taxation. That is the claim which it sought to present to the tribunals below, and on which it has had no decision on the merits.

The record shows that from the time the landowner received the tax bills on November 14, 1986 until the assessor's decision of January 20, 1987, the question of taxability was under consideration by the assessor. When the assessor indicated a change of position by sending the tax bills the taxpayer appropriately sought reconsideration by that office. The assessor apparently considered the request and denied it. The record demonstrates no laches or unreasonable delay on the landowner's part and so, unless the positive command of a statute forbids, the landowner should not suffer prejudice by requesting this reconsideration.

When the assessor denied reconsideration the landowner may have had several options. *See Crest Communications v. Kuehle*, 754 S.W.2d 563, 565–66 (Mo. banc 1988); *John Calvin Manor, Inc. v. Aylward*, 517 S.W.2d 59, 62 (Mo.1974). The landowner elected to proceed through the county board of equalization. The utility of proceeding through the board might be questioned because there is no indication that the landowner challenges the amount of the assessments and the board is not particularly suited for determining legal questions, but the landowner made use of an available option.

■ The board had the authority to extend the time for filing an appeal. There is no statutory limit on this authority. The

statutory deadline of the third Monday in June of the previous year could not be met, for the reasons previously stated. The landowner was entitled to a determination of the question it presented. The period between January 20, 1987, when the assessor denied reconsideration, and May 7, 1987, when the request for extension of time was presented to the board, is not unreasonable. We hold that, under these circumstances, the board abused its discretion by denying the request for extension of time to appeal the assessment.

The respondent goes on to argue that it lacks jurisdiction because the appeal from the board of equalization was not filed during the calendar year 1986, citing 12 CSR 30–3.010(B), which reads in pertinent part as follows:

> A complaint appealing a property assessment in counties of the first class, counties of charter government and the City of St. Louis shall be filed *in the calendar year in which the challenged assessment is made,* not later than August 15 or within thirty (30) days of the decision of the board of equalization, whichever is later. (emphasis supplied).

The asserted basis is not sufficient under the circumstances of this case. The board of equalization had jurisdiction and, as we hold above, should have exercised its jurisdiction. The only statutory requirement is that the appeal be taken within thirty days. The respondent had no authority to reject a timely appeal from a decision of a board of equalization. Its rule, purporting to establish time limits which are not within the statute, is ineffective to deny a jurisdiction conferred by statute.

The respondent argues that the statutes contemplate a yearly scheme of assessment and that dire consequences will ensue if taxpayers seeking review are not strictly held to the calendar year. In this case, however, the actions of the assessor have frustrated assessment and appeal in the regular manner. We have been quite strict in requiring taxpayers to follow the statutory plan for review of assessments when the taxing authorities have complied with all procedural requirements.[1] But we have not required taxpayers to do the impossible, and have had no patience with procedural requirements which are sought to be imposed to deny any meaningful review.[2] Our decision should impose no burden on taxing authorities who follow the statutes and make their positions clear to taxpayers.

We hold only that the taxpayer is entitled to a review on the merits. The Commission should provide that review. A further remand to the board of equalization may not be necessary, in view of the issues presented, but we leave the decision on this possibility to the Commission. We do not decide any issues of fact because no hearings have been held. If the taxing authorities challenge any factual settlements in this opinion they may do so in a hearing before the Commission.

The judgment of the circuit court is reversed and the case is remanded to the State Tax Commission for proceedings not inconsistent with this opinion.

BILLINGS, C.J., WELLIVER, ROBERTSON, RENDLEN and HIGGINS, JJ., and REINHARD, Special Judge, concur.

DONNELLY, J., not sitting.

1. *See, e.g., Westglen Village Assoc. v. Leachman,* 654 S.W.2d 897 (Mo. banc 1983) (Taxpayer is required to exhaust administrative remedies to the Board of Equalization and the State Tax Commission even though constitutional claims are raised); *Xerox Corp. v. Travers,* 529 S.W.2d 418 (Mo. banc 1975) (Taxpayer not entitled to relief because of failure to fulfill statutory prerequisites).

2. *See, e.g., Crest Communications v. Kuehle, supra.* (Plaintiff appealed county assessor's denial of his written application filed pursuant to § 139.031.5 for refund of taxes "mistakenly or erroneously" paid); *John Calvin Manor, Inc. v. Aylward, supra,* (Suit for injunction to prevent collection of taxes in excess of amount due on valuation submitted by taxpayer, because assessor failed to give notice of increased valuation); *Naegele Outdoor Advertising Co. v. Kansas City,* 509 S.W.2d 128 (Mo.1974) (Action by the taxing authority precluded taxpayer from pursuing administrative remedies).