STATE of Missouri ex rel., GATEWAY GREEN ALLIANCE, et al., Appellants,

v.

Gerry WELCH, et al., Respondents.

No. ED 76999.

Missouri Court of Appeals, Eastern District, Division Three.

June 20, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 25, 2000.

Application for Transfer Denied Aug. 29, 2000.

Henry B. Robertson, St. Louis, for appellant.

Helmut Starr, St. Louis, for respondent.

LAWRENCE E. MOONEY, Judge.

State of Missouri ex rel. Gateway Green Alliance, et al., ("Plaintiffs") appeal the trial court's denial of a writ of mandamus seeking to compel Gerry Welch and the other members of the city council of the City of Webster Groves ("Defendants") to place an initiative regarding labeling of genetically modified foods on the ballot. Plaintiffs claim on appeal that the

trial court erred in denying the writ of mandamus in that: 1) once Plaintiffs satisfied all the requirements of the Webster Groves' city charter for placing an initiative on the ballot, Defendants had a ministerial duty to submit the issue to the voters and neither Defendants nor the courts have the authority to question the validity or wisdom of the initiative measure before the election; 2) assuming there is a rule that allows courts to bar administrative ordinances from the ballot, such rule is inapplicable here as this was a legislative ordinance proposing a new policy; and 3) assuming there is a rule barring initiatives as beyond the scope of local authority, the ordinance here is within the powers of the City of Webster Groves ("the City"). We affirm.

*FACTS*

Plaintiffs sought to have an initiative placed on the ballot to have the City's voters approve an ordinance that would call "upon the legislature of the State of Missouri and the Congress of the United States to pass legislation that would require labeling on all food ... which contain[s] any genetically modified organism and that such labeling be required in all phases of processing, distribution and final sale to consumers." The initiative also required Defendants to send a copy of the measure to all State and Federal elected officials and the press. It is undisputed that Plaintiffs met all the procedural requirements of the City charter to have an initiative placed on the ballot. Despite this fact, Defendants refused to do so on the grounds that a study recently initiated by the National Academy of Sciences "is the more appropriate forum" for the consideration of possible changes in government regulations regarding genetically engineered crops and foods. Also, according to Defendants, "initiative petitions that seek administrative action regarding non-local issues are not proper ."

Plaintiffs filed a petition for writ of mandamus in the trial court seeking to compel Defendants to place the initiative on the

ballot. The case was submitted on stipulated facts and the pleadings, and the trial court denied the writ. In its judgment, the trial court specifically found that the proposed ordinance was administrative rather than legislative in nature, and that the subject of the proposal was not within the City's legislative power. Plaintiffs timely filed this appeal.

## ANALYSIS

In this appeal from a denial of a writ of mandamus, our question is whether the trial court reached the correct result. *Wheat v. Missouri Bd. of Probation and Parole,* 932 S.W.2d 835, 838 (Mo.App. W.D.1996). Generally, mandamus is reviewed as any other non-jury civil matter, and we will sustain the judgment unless no substantial evidence exists to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *State ex rel. Lupo v. City of Wentzville,* 886 S.W.2d 727, 730 (Mo.App. E.D.1994). However, in cases where the action has been submitted to the trial court on stipulated facts, such as here, the only question before us is whether the trial court drew the proper legal conclusions from the facts stipulated. *Housing Authority of St. Louis County v. Boone,* 747 S.W.2d 311, 313 (Mo.App. E.D.1988).

In their first point on appeal, Plaintiffs claim that neither Defendants nor the courts have authority to question the validity or wisdom of an initiative measure before it is placed on the ballot, and that Defendants had a ministerial duty to submit the issue to the voters once Plaintiffs satisfied the procedural requirements in the City charter for placing an initiative on the ballot. Plaintiffs find support for their argument in *State ex rel. Trotter v. Cirtin,* 941 S.W.2d 498 (Mo. banc 1997); *Craighead v. City of Jefferson,* 898 S.W.2d 543 (Mo. banc 1995); *Missourians to Protect the Initiative Process v. Blunt,* 799 S.W.2d 824 (Mo. banc 1990); *Union Electric Co. v. Kirkpatrick,* 678 S.W.2d 402 (Mo. banc 1984); *State ex rel. Dahl v. Lange,* 661 S.W.2d 7 (Mo. banc 1983).

However, none of these cases answers the question before us. In each of the cases cited by Plaintiffs, no one questioned the fact that the proposal at issue was legislative in nature. Rather, the issue presented in each case was whether courts could address matters of substantive interpretation of such legislative proposals prior to the election. In contrast, Defendants here have questioned whether Plaintiff's proposal is legislative, and thus an appropriate subject for the initiative procedure.

Prior to presentation of an initiative to the people, our single function is to determine whether the constitutional requirements and limits of power have been regarded. *Cirtin,* 941 S.W.2d at 500. One such limit of power is that the initiative procedure is to be used to enact legislative matters only, as the initiative and referendum are nothing more than the added powers of *legislation* under which the people themselves may enact *laws* without resorting to the legislative branch. *State ex rel. Stokes v. Roach,* 190 S.W. 277, 280 (Mo. banc 1916). Thus, courts clearly can make a threshold determination of whether the proposed ordinance is legislative or administrative in character, as only legislative measures are appropriate for the initiative process. 5 E. McQuillan, THE LAW OF MUNICIPAL CORPORATIONS, § 16.55 at 298‑299 (3rd ed.1996). *See also State ex rel. Whittington v. Strahm,* 374 S.W.2d 127, 129–130 (Mo. banc 1963); *State ex rel. Hickman v. City Council of Kirksville,* 690 S.W.2d 799, 802 (Mo.App. W.D.1985); *Anderson v. Smith,* 377 S.W.2d 554, 557 (Mo.App. W.D.1964); *Carson v. Oxenhandler,* 334 S.W.2d 394, 399 (Mo.App. E.D. 1960). Although courts may not consider the constitutionality of a *legislative* initiative measure prior to the measure being placed on the ballot, an initiative petition may be scrutinized pre-election for the purpose of determining whether the measure proposes legislative, as opposed to administrative, action. *See Id.*

■ Plaintiffs further argue that even if we find that proposed initiatives can be reviewed prior to election to determine whether they are legislative in nature, the proposed ordinance here is legislative in that it proposes a new policy about food labeling and does not merely execute a plan already adopted by a superior legislative body. We disagree.

■ Our courts have stated the distinction between legislative and administrative ordinances in numerous ways. A proposal is legislative if it is permanent or general in character and administrative if temporary or special in character. *Strahm*, 374 S.W.2d at 131. It has also been said that a proposal is legislative if it prescribes a new policy or plan, administrative if it merely pursues or executes a plan or policy already adopted by the legislative body itself or some power superior to it. *Id.*

Although there is Missouri law generally discussing the difference between legislative and administrative ordinances, the parties have not cited us to, nor could we find, any Missouri case in which the proposed ordinance at issue was similar to the one at bar. The closest case we could find is *Amalgamated Transit Union–Div. 757 v. Yerkovich*, 24 Or.App. 221, 545 P.2d 1401 (1976). In *Yerkovich*, the "Committee to Build the Mt. Hood" filed with the City of Portland an initiative petition that proposed the enactment of an ordinance "approving the construction of the Mount Hood Freeway with federal and state funds on a route to be selected by the appropriate procedure and agencies in accordance with applicable laws and regulations." *Id.* at 1402. After stating this general "policy," the proposed ordinance requested various federal authorities to continue their approval of the highway and to study, design and construct the freeway. *Id.* at 1404. In holding that the proposed ordinance was administrative, rather than legislative, the Oregon Court of Appeals noted, "the City of Portland has no authority to either compel or bar the construction

of any part of the interstate system; and that its approval of a project within that system accompanied by a request that federal and state authorities carry out its construction represents at best a measure of participation in an administrative process." *Id.* at 1405. The court further noted that the proposed ordinance did not bind anyone and that "the purported initiative does not compel anyone to do anything-not the people of Portland, their city officials or the state or federal government." *Id.*

The proposal here, even applying a liberal construction, is simply not legislation. It merely directs Defendants to write letters expressing the attitude of the City's voters on food labeling to relevant State and Federal authorities in the hope of persuading those authorities to enact laws requiring labeling of genetically modified foods. Although the proposal could be viewed in the abstract as establishing a policy endorsing the labeling of genetically modified foods, it does nothing to effectuate this policy other than request appropriate higher authorities to legislate in the area. Insofar as the proposal directs Defendants to mail copies of the ordinance to Federal and State elected officials and the press, it is special or administrative in character. It does not set forth a permanent rule of conduct for anyone. Further, as in *Yerkovich*, the proposal does not bind the State and Federal authorities lobbied thereunder, nor does it compel them to do anything. The proposal then is just a "public opinion poll" of the views of the City's populace on the issue of food labeling and, as such, is not legislation. *See Saggio v. Connelly*, 147 Ariz. 240, 709 P.2d 874, 875 (banc 1985). The proposal, whether it be considered a resolution or an ordinance, is not legislative, and is therefore an inappropriate subject for an initiative petition.

Given our holding above, we need not address the issue of whether there is a rule barring initiatives as beyond the scope of local authority, or whether the ordi-

nance here falls within that rule. The trial court correctly denied the writ of mandamus, and the judgment is accordingly affirmed.

RICHARD B. TEITELMAN, P.J., CLIFFORD H. AHRENS, J., concur.