**GATEWAY HOTEL MANAGEMENT, INC., Appellant,**

v.

**BOARD OF EQUALIZATION OF ST. LOUIS COUNTY, Respondent.**

**No. ED 81325.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 18, 2003.

---

1. All rule references are to Mo. R.Crim. P.2002, unless otherwise indicated.

Julius H. Berg, St. Louis, MO, for appellant.

Christopher J. McCarthy, Patricia Redington, Clayton, MO, for respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Gateway Hotel Management Company (Gateway) appeals from the judgment of the circuit court denying Gateway's request for issuance of a writ of mandamus to compel the Board of Equalization of St. Louis County (Board) to hear and determine a real estate tax appeal filed by Gateway. Gateway contends the circuit court erred in denying its request for a writ of mandamus because (1) the Board is not authorized to extend the filing deadline for only certain classes of taxpayers, and (2) the Board abused its discretion in refusing to consider Gateway's tax appeal on the merits. Because we find no circuit court error in denying the issuance of a writ of mandamus, we affirm.

The parties stipulated to the following facts. Gateway owns a parcel of commercial real property in Eureka, Missouri, located in St. Louis County. For the 2000 tax year, Gateway's real property was assessed at $720,640.00 by the Assessor, resulting in a real estate tax bill in the amount of $71,761.33. For the 2001 tax year, Gateway's real property was assessed at $1,707,140.00 by the Assessor, resulting in a real estate tax bill in the amount of $169,177.57.

On October 31, 2001, the Board met in open session and unanimously determined to extend the time for filing appeals of 2001 tax assessments to the Board to November 9, 2001. The Board specifically extended the time for filing to owners of *residential* real property whose assessments had increased at least 17 percent from the previous year. Under Section 137.385, RSMo 2000,[1] the deadline for filing an appeal with the Board is before the third Monday in June, unless the Board exercises its discretion to extend the time for filing appeals.

Gateway had not filed an appeal of its tax assessment with the Board prior to the third Monday in June of 2001. Instead, on November 5, 2001, Gateway filed an appeal of its 2001 assessment with the Board. On November 20, 2001, the Board notified Gateway that it would not accept Gateway's appeal because the Board was only accepting appeals under the extended deadline concerning residential property that increased at least 17 percent.

Gateway then instituted a proceeding in mandamus with the circuit court. Gateway filed a petition in mandamus seeking to compel the Board to hear and determine Gateway's appeal on the merits. The circuit court issued a preliminary order in mandamus. Thereafter, the circuit court

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

conducted an evidentiary hearing. At the hearing, the parties presented a stipulation of facts with exhibits. The circuit court also heard testimony that was largely excluded after objections by the Board. The circuit court issued its judgment denying Gateway's request for issuance of a writ of mandamus. Gateway now appeals.[2]

In its first point, Gateway argues the circuit court erred in refusing to issue a writ of mandamus to compel the Board to hear and determine Gateway's tax appeal. Gateway contends, although Section 137.385 authorizes the Board to extend the deadline for filing a tax appeal, it does not authorize the Board to extend the filing of tax appeals for only certain classes of taxpayers. We disagree.

 In an appeal from a denial of a writ of mandamus, we determine whether the circuit court reached the correct result. *State ex rel. Gateway Green Alliance v. Welch,* 23 S.W.3d 861, 863 (Mo.App. E.D. 2000). Generally, mandamus is reviewed as any other non-jury civil matter, and we will affirm the judgment of the circuit court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* However, in cases where the action has been submitted on stipulated facts, such as here, the only question before us is whether the circuit court drew the proper legal conclusions from the stipulated facts. *Id.*

The question before us is whether the Board is given statutory discretion to selectively extend the filing deadline for appeals to only certain classes of taxpayers. Gateway contends the Board, under Section 137.385, may only extend the filing deadline for all taxpayers and cannot extend the deadline for only a certain class of taxpayers. The Board maintains it has the discretion under Section 137.385 to extend the filing deadline for appeals for only certain classes of taxpayers to the exclusion of others. The statute at the center of this debate, Section 137.385, provides:

Any person aggrieved by the assessment of his property may appeal to the county board of equalization. An appeal shall be in writing and the forms to be used for this purpose shall be furnished by the county clerk. Such an appeal shall be lodged with the county clerk as secretary of the board of equalization before the third Monday in June; provided, *that the board may in its discretion extend the time for filing such appeals.*

(Emphasis added.)

We find the case of *Lake St. Louis Community Ass'n v. State Tax Com'n,* 759 S.W.2d 843 (Mo. banc 1988) instructive in determining the extent of discretion afforded the Board in extending the deadline for appeals.[3] In *Lake St. Louis Commu-*

---

2. The Board raises a lack of subject matter jurisdiction claim. The Board contends the circuit court lacked subject matter jurisdiction over Gateway's action; and therefore, we lack jurisdiction on appeal because Gateway failed to exhaust its available administrative remedy. However, Gateway was not seeking a review of its tax appeal in the circuit court, but rather was seeking a judgment compelling the Board to review Gateway's tax appeal. We find the circuit court had subject matter jurisdiction, and thereby, we have subject matter jurisdiction.

3. The Missouri Supreme Court took exclusive jurisdiction over the St. Charles County tax assessment issue in *Lake St. Louis Community Ass'n* pursuant to Mo. Const. Article V, Section 3. We note under the case of *Alumax Foils, Inc. v. City of St. Louis,* 939 S.W.2d 907 (Mo. banc 1997) the Missouri Supreme Court only has exclusive jurisdiction to decide cases in which the tax funds go directly into the state treasury and, therefore, would not have jurisdiction to hear the *Lake St. Louis Community Ass'n* case. We do, however, find the analysis applicable to the present case.

*nity Ass'n*, the Missouri Supreme Court reviewed the refusal of the St. Charles County Board of Equalization to accept a property owner's appeal of its assessment filed after the third Monday in June. *Id.* at 844. The St. Charles County assessor had for 1985 and for many years prior considered the properties in question to be the property of a not-for-profit organization that was exempt from ad valorem property tax. *Id.* In March or April 1986, the assessor mailed notices of assessment for the properties in question. *Id.* The property owner, prior to the third Monday in June of 1986, made an inquiry of the assessor as to its tax status and on June 24, 1986, received a letter stating the property was exempt. *Id.* However, in November 1986, the property owner received tax bills for the property in question. *Id.* After making oral requests and a formal request for reconsideration, on May 7, 1987, the property owner filed a request with the St. Charles County Board of Equalization for extension of time to file an appeal of the 1986 tax assessments. *Id.* The board denied the request on June 1, 1987. *Id.* The property then filed complaints with the State Tax Commission, which were denied. *Id.* at 845. The property owner then filed a petition for review of the decision of the State Tax Commission with the circuit court, and thereafter, the circuit court affirmed the decision of the State Tax Commission. *Id.*

On appeal, the court held that the board had the authority to extend the time for filing an appeal and "there is no statutory limit on this authority." *Id.* The court found that the property owner was entitled to a determination of its appeal on the merits and the board abused its discretion by denying the request for extension of time to appeal the assessment. *Id.* at 846.

■ Thus, the Supreme Court has held that, under the authority of Section 137.385, a board of equalization can extend the time to file an appeal to an individual taxpayer. Given the holding in *Lake St. Louis Community Ass'n*, we see no reason why the Board in this case cannot extend the time to file appeals to a certain class of taxpayers. There is nothing in the statute that prohibits the Board from only extending the time to file appeals to an individual or to a certain class of taxpayers. Under these facts, we find the circuit court drew the proper legal conclusion. Point denied.

In its second point, Gateway asserts the circuit court erred in denying its request for writ of mandamus to compel the Board to hear and determine Gateway's tax appeal. Gateway maintains the Board abused its discretion in refusing to consider Gateway's appeal on the merits when Gateway's assessment increased 135 percent from tax year 2000 to tax year 2001. We disagree.

■ Gateway contends the Board abused its discretion in not hearing its appeal when its tax assessment increased 135 percent and the Board extended the time for filing for those residential property owners whose assessment increased by 17 percent or more. We have already determined the Board's authority to extend the filing deadline for a certain class of taxpayers. Gateway does not fall into that category of taxpayer. There is nothing in the record to indicate that Gateway could not have filed an appeal concerning its 2001 tax assessment with the Board before the third Monday in June of the 2001. Under these facts, we find the circuit court drew the proper legal conclusion that the Board did not abuse its discretion in denying Gateway's appeal when it was not filed within the deadline and Gateway was not part of the class that was provided an extension of time to file appeals. Point denied.

The judgment of the circuit court denying Gateway's request for a writ of mandamus is affirmed.

HOFF and DRAPER, JJ., concur.

