THE STATE EX REL. THE CITY OF BRECKSVILLE, OHIO *v.* HUSTED, SECY., ET AL.

[Cite as *State ex rel. Brecksville v. Husted,*

**133 Ohio St.3d 301, 2012-Ohio-4530.]**

*Elections—Initiative—Mandamus—Prohibition—Action by city to prevent certification of initiative petition and submission of issue to voters—Ohio Constitution, Article II, Section 1f—Mandamus action dismissed because it actually seeks declaratory judgment and prohibitory injunction—Writ of prohibition denied—County board of elections and secretary of state did not abuse discretion or act in clear disregard of applicable law by denying city's protest—Initiative petition did not violate Article II, Section 1f by addressing question that city has no authority to control by legislative action.*

(No. 2012-1545—Submitted September 27, 2012—Decided October 1, 2012.)

IN MANDAMUS AND PROHIBITION.

_____

**Per Curiam.**

{¶ 1} This is an expedited election action in which relator, the city of Brecksville, Ohio, seeks writs of mandamus and prohibition to prevent respondents, Secretary of State Jon Husted and the Cuyahoga County Board of Elections, from certifying an initiative petition and submitting the initiative to electors at the November 6, 2012 general election. We dismiss the purported mandamus claim for lack of jurisdiction and deny the writ of prohibition.

**Facts**

{¶ 2} In January 2010, the Supreme Court of the United States decided *Citizens United v. Fed. Election Comm.*, 558 U.S. 310, __, 130 S.Ct. 876, 900,

175 L.Ed.2d 753 (2010), in which it struck down certain provisions of federal campaign-finance law by holding that "political speech does not lose First Amendment protection 'simply because its source is a corporation.' " Quoting *First Natl. Bank of Boston v. Bellotti*, 435 U.S. 765, 784, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978). *See also Am. Tradition Partnership, Inc. v. Bullock*, __ U.S. __, 132 S.Ct. 2490, 183 L.Ed.2d 448 (2012).

{¶ 3} On July 25, 2012, petitioners, certain Brecksville electors, filed with the city's finance director a signed initiative petition titled "Brecksville Initiative in Support Of Movement to Amend the U.S. Constitution To Establish That Corporations Are Not People And Money Is Not Speech." In the petition, it is stated that because of their dissatisfaction with the United States Supreme Court's decision in *Citizens United*, the petitioners proposed certain ordinances to city electors for their approval at the November 6, 2012 election.

{¶ 4} On August 8, Brecksville submitted a written protest to the board of elections against the petitioners' initiative. The city claimed that the petition violated the Ohio Constitution, Article II, Section 1f, by addressing a question that the city lacks authority to control by legislative action, that the petition is merely a public-opinion poll outlining the views of the electorate, and that the petition violates public policy by attempting to mandate the actions and support of the mayor and city council in opposition to the U.S. Constitution.

{¶ 5} On August 28, the board of elections held a hearing on the city's protest against the Brecksville initiative, and the board of elections deadlocked two-to-two on a motion to uphold the city's protest against the initiative. In accordance with R.C. 3501.11(X), the board of elections submitted the tie vote to respondent Secretary of State Jon Husted to summarily decide the question. Secretary Husted broke the tie by voting against the motion on September 11. The secretary determined that the Brecksville proposed ordinances involve activities that municipal legislative authorities can control by legislative action.

**{¶ 6}** Two days later, Brecksville filed this expedited election action for writs of mandamus and prohibition to prevent respondents, Secretary of State Husted and the board of elections, from certifying the Brecksville initiative petition to the November 6 election ballot. Respondents filed answers, and the parties submitted evidence and briefs pursuant to the accelerated schedule in S.Ct.Prac.R. 10.9. Under S.Ct.Prac.R. 10.9, an alternative writ is unnecessary because the rule itself incorporates an expedited schedule for the presentation of evidence and briefs. *See Christy v. Summit Cty. Bd. of Elections*, 77 Ohio St.3d 35, 36, 671 N.E.2d 1 (1996), noting that the rule, as amended effective April 1, 1996, "incorporates a briefing and evidence schedule in expedited election matters."

**{¶ 7}** This cause is now before the court for our consideration of the city's request for oral argument and of the merits of its claims.

### Analysis

*Oral Argument*

**{¶ 8}** We deny Brecksville's request for oral argument in this expedited election case. The parties' briefs are sufficient to resolve these issues, *see State ex rel. Data Trace Info. Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 23, and the expedited nature of election cases supports denial. *See, e.g., Christy* at 40.

*Mandamus*

**{¶ 9}** Brecksville requests a writ of mandamus to compel the secretary of state to sustain the city's protest and to direct the board of elections to remove the petitioners' initiative from the November 6 election ballot. Although the city's request is couched in terms of compelling affirmative duties, it actually seeks (1) a declaratory judgment that the city's protest against the initiative has merit and (2) a prohibitory injunction preventing the secretary of state and the board of elections from submitting the initiative to electors at the November 6 election.

We lack jurisdiction over these claims and therefore dismiss the mandamus claim. *See generally State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 22.

*Prohibition*

{¶ 10} "In extraordinary actions challenging the decisions of the Secretary of State and boards of elections, the standard is whether they engaged in fraud, corruption, or abuse of discretion, or acted in clear disregard of applicable legal provisions." *Whitman v. Hamilton Cty. Bd. of Elections,* 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 11. Brecksville claims that the secretary of state and the board of elections abused their discretion and acted in clear disregard of applicable law by denying the city's protest and submitting the initiative to the electors for their vote at the November 6 election.[1]

*Ohio Constitution, Article II, Section 1f*

{¶ 11} Brecksville first claims that the secretary of state and the board of elections abused their discretion and clearly disregarded the Ohio Constitution, Article II, Section 1f. Article II, Section 1f authorizes initiative and referendum power only on those questions that municipalities "may now or hereafter be authorized by law to control by *legislative* action." (Emphasis added.) "The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." *Donnelly v. Fairview Park*, 13 Ohio St.2d 1, 233 N.E.2d 500 (1968), paragraph two of the syllabus.

{¶ 12} The ordinances proposed by the initiative petition do not require actions that execute or administer laws previously in existence. Instead, they

---

1. Notwithstanding the board's argument to the contrary, it exercised quasi-judicial authority when it held a hearing on the city's protest against the initiative. R.C. 3501.39(A)(2); *State ex rel. Upper Arlington v. Franklin Cty. Bd. of Elections*, 119 Ohio St.3d 478, 2008-Ohio-5093, 895 N.E.2d 177, ¶ 16.

enact new laws requiring specific actions: (1) the designation of "Democracy Day," (2) the conducting of a public hearing to be held on that day to examine the impact of certain political contributions, (3) the issuance by the mayor of a letter to certain state and federal legislative leaders stating that Brecksville citizens in November 2012 voted in support of a constitutional amendment that would effectively overrule *Citizens United*, and (4) the recurrence of the public hearings biannually for up to ten years.

{¶ 13} Brecksville also claims that the proposed ordinances are not the proper subject of legislative action because they include precatory language without legal effect that simply expresses the public opinion of the city's electors regarding whether the *Citizens United* holding should be overturned. This claim lacks merit because the proposed ordinances exceed the scope of any public-opinion poll. They require action. The proposed ordinances here do not simply request a third party to do something that the party has no obligation to do. As the secretary of state determined in his tie-breaking decision, the Brecksville ballot issue requires municipal officials to perform specific acts like designating a specific day and requiring public hearings on the impact of specified political contributions. The cases that the city cites are consequently inapposite. *See State ex rel. Upper Arlington v. Franklin Cty. Bd. of Elections*, 119 Ohio St.3d 478, 2008-Ohio-5093, 895 N.E.2d 177; *State ex rel. Rhodes v. Lake Cty. Bd. of Elections*, 12 Ohio St.2d 4, 230 N.E.2d 347 (1967); and *State ex rel. Gateway Green Alliance v. Welch*, 23 S.W.3d 861, 864 (Mo.App.2000).

{¶ 14} Finally, the city's claim that public policy requires that the initiative be removed from the ballot because the electorate cannot force the mayor to speak in support of an issue that is contrary to the United States Constitution attacks the substance of the proposed ordinances, and this challenge is premature before the adoption of the proposed ordinances by the people. *See*

*State ex rel. Kilby v. Summit Cty. Bd. of Elections*, 133 Ohio St.3d 184, 2012-Ohio-4310, 977 N.E.2d 590, ¶ 21.

{¶ 15} Therefore, because the initiative properly proposes legislative action, the secretary of state and the board of elections did not abuse their discretion or clearly disregard applicable law by denying Brecksville's protest on that basis.

*Procedural Issues*

{¶ 16} We also find no error in Brecksville's remaining contention that the board of elections abused its discretion and clearly disregarded applicable law by making what it claims to be two procedural errors in the matter. The city did not timely object to the board's holding a joint hearing on the Brecksville protest and a comparable Newburgh Heights village ordinance. The city further cites the board's error in omitting the first few pages of the transcribed protest hearing when submitting the matter to the secretary of state pursuant to R.C. 3501.11(X). This error was caused by a court reporter's mistake, and the city cites no prejudice from the omission—there is no evidence that the secretary of state's decision would have changed if the missing pages had been submitted to him earlier.[2]

{¶ 17} Therefore, the secretary of state and the board of elections neither abused their discretion nor clearly disregarded applicable law by denying Brecksville's protest and submitting the initiative to the city's electors. Brecksville has not established its entitlement to the requested extraordinary relief in prohibition.

---

2. Brecksville waived its claim for an order returning the matter to the secretary of state for a new determination based on the full transcript of the protest hearing because it did not include an argument about this request in its merit brief. *See State ex rel. Ohio Liberty Council v. Brunner*, 125 Ohio St.3d 315, 2010-Ohio-1845, 928 N.E.2d 410, ¶ 61 (court need not address claim that was raised in complaint but was not specifically argued in initial merit brief).

**Conclusion**

{¶ 18} Based on the foregoing, we deny the writ of prohibition and dismiss the city's mandamus claim for lack of jurisdiction. Our holding that the ordinances proposed by the initiative constitute proper legislative action is "consistent with our duty to liberally construe municipal initiative provisions to permit the exercise of the power of initiative." *State ex rel. N. Main St. Coalition v. Webb*, 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, ¶ 47.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

_____

**O'DONNELL, J., dissenting.**

{¶ 19} I respectfully dissent.

{¶ 20} This case raises an important constitutional question regarding the scope of the right of initiative established by the Ohio Constitution, Article II, Section 1f, which provides:

> The initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control by legislative action; such powers shall be exercised in the manner now or hereafter provided by law.

Section 1f thus sets forth an important limitation on the people's reserved power of initiative: the ballot issue must be one that the municipality has authority to control by legislative action.

**{¶ 21}** The "Brecksville Initiative in Support Of Movement to Amend the U.S. Constitution To Establish That Corporations Are Not People And Money Is Not Speech" would enact a new Chapter 129 of the Ordinances of the city of Brecksville as follows:

Section 129.01. Beginning in the year 2013, the Mayor and City Council shall designate one day in the month of February following the November federal elections, "Democracy Day." On this day, the Mayor and City Council shall sponsor a Public Hearing in a public space within the City. The City shall publicize the Public Hearing on its website and through area media at least one (1) month in advance of the Hearing. The Public Hearing will examine the impact of political contributions of corporations, unions, PACS and Super-PACS on the City. The Mayor and at least one (1) City Councilperson shall submit testimony at the public hearing. In addition, all citizens of Brecksville will be permitted to submit oral testimony for a period of at least 5 minutes per citizen.

Section 129.02. Within one (1) week following the Public Hearing, the Mayor shall send a letter to the leaders of the Ohio House and Senate, and Brecksville's U.S. congressional representative, and both Ohio U.S. Senators stating that the citizens of Brecksville in November 2012 voted in support of a Citizens' initiative calling for a constitutional amendment declaring:

(A) Only human beings, not corporations, are legal persons with constitutional rights.

(B) Money is not equivalent to speech, and therefore regulating political contributions and spending is not equivalent to limiting political speech.

Section 129.03. The bi-annual Public Hearings will continue for a period of ten (10) years through February, 2023, or until a constitutional amendment reflecting the principles set forth in Section 129.02 is ratified by ¾ of state legislatures.

Section 129.04. This initiative shall take effect and be included in the City Ordinances at the earliest date permitted by law.

**{¶ 22}** In essence, the initiative would require the city of Brecksville to enact legislation in support of a movement to amend the United States Constitution to abrogate the United States Supreme Court's decision in *Citizens United v. Fed. Election Comm.*, 558 U.S. 310, 130 S.Ct. 876, 913, 175 L.Ed.2d 753 (2010), holding that government cannot prohibit independent expenditures for political speech based on the speaker's corporate identity.

**{¶ 23}** In my view, the petition here does not initiate any new law that the municipality has power to enact; rather, it serves only as a nonbinding referendum on the Supreme Court's interpretation of the First Amendment in *Citizens United*. The city plainly lacks authority to control the meaning of the First Amendment by local legislation or to overturn a decision of the United States Supreme Court. Furthermore, Article V of the United States Constitution vests Congress and state legislatures—not local municipalities—with the power to propose amendments to the Constitution. Accordingly, at most, the initiative petition seeks to gauge public opinion on what the *federal law* on political contributions from corporations *should be*, and it therefore has nothing to do with local city government in Brecksville, Ohio.

{¶ 24} This court's decisions in *State ex rel. Rhodes v. Lake Cty. Bd. of Elections*, 12 Ohio St.2d 4, 230 N.E.2d 347 (1967), and *State ex rel. Upper Arlington v. Franklin Cty. Bd. of Elections*, 119 Ohio St.3d 478, 2008-Ohio-5093, 895 N.E.2d 177, are instructive.

{¶ 25} In *Rhodes*, the relators sought to compel the elections board to place an initiative measure on the ballot stating that the people of the village of Willoughby Hills resolve that "[t]he President of the United States *should* bring all American troops home from Vietnam now so that the Vietnamese people can settle their own affairs." (Emphasis added.) *Id.* at 4. We held that "[t]he initiative petition in the instant case does not contain any question which a municipality is authorized by law to control by legislative action." *Id.* Notably, a municipality has no authority to control the President's decisions in the conduct of a war.

{¶ 26} Similarly, in *Upper Arlington*, we held that a board of elections abused its discretion and clearly disregarded applicable law when it placed a proposed ordinance on the ballot that would bar the city from entering into a contract with a private corporation to provide solid-waste services. We explained:

> [I]nsofar as the proposed ordinance included precatory language without legal effect that appeared to express the public opinion of the city's electors—that the city residents "do not desire" privatization of trash-collection services, "want" to continue the preexisting trash-collection method, and "don't want" the city to enter into a contract with Inland Service Corporation—its enactment would also not constitute a proper legislative action.

*Id.* at ¶ 26. And we cited approvingly *State ex rel. Gateway Green Alliance v. Welch*, 23 S.W.3d 861, 864 (Mo.App.2000), for the proposition that a "proposed

ordinance that merely constituted a 'public opinion poll' of the city's electorate on an issue was administrative rather than legislative in character and was thus an inappropriate subject for initiative." *Upper Arlington* at ¶ 26.

{¶ 27} Like the initiative measure in *Rhodes*, the Brecksville ordinances request that third parties do something—propose an amendment to the United States Constitution. And like the initiative measure in *Upper Arlington*, the Brecksville ordinance amounts to a mere "public opinion poll" to determine whether or not a majority of the city's voters want government restrictions on corporate campaign expenditures and would support amending the Constitution to eliminate the free-speech rights of corporations.

{¶ 28} While I recognize that the initiative also seeks to establish Democracy Day and to provide a public forum to examine the impact of political contributions on the city, these are incidental to the real focus of the initiative. Regardless of the public sentiment expressed at a public forum on Democracy Day or at any other time, the outcome is always predetermined, because the proposed law directs the mayor to send letters to legislative leaders in state government and to state representatives in Congress declaring the views of a majority of city voters *in the November 2012 election*. Any future public discourse generated by Democracy Day on the merits of campaign finance reform is ultimately irrelevant to the purpose of the initiative measure, because it cannot affect the results of a past election.

{¶ 29} Accordingly, because I believe that this case raises an important constitutional question on the scope of the right of initiative afforded by the Ohio Constitution and has wider implications than the establishment of Democracy Day in the city of Brecksville, I would schedule oral argument and not rule on the writ at this time.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

Rademaker, Matty, Henrikson & Greve, David J. Matty, and Shana A. Samson; and Sergio DiGeronimo, for relator.

Michael DeWine, Attorney General, and Aaron D. Epstein and Damian W. Sikora, Assistant Attorneys General, for respondent Secretary of State Jon Husted.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for respondent Cuyahoga County Board of Elections.

_____