O’Donnell, J.,
dissenting.
{¶ 19} I respectfully dissent.
{¶ 20} This case raises an important constitutional question regarding the scope of the right of initiative established by the Ohio Constitution, Article II, Section If, which provides:
The initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control by legislative action; such powers shall be exercised in the manner now or hereafter provided by law.
Section If thus sets forth an important limitation on the people’s reserved power of initiative: the ballot issue must be one that the municipality has authority to control by legislative action.
{¶ 21} The “Brecksville Initiative in Support Of Movement to Amend the U.S. Constitution To Establish That Corporations Are Not People And Money Is Not Speech” would enact a new Chapter 129 of the Ordinances of the city of Brecksville as follows:
Section 129.01. Beginning in the year 2013, the Mayor and City Council shall designate one day in the month of February following the November federal elections, “Democracy Day.” On this day, the Mayor and City Council shall sponsor a Public Hearing in a public space within the City. The City shall publicize the Public Hearing on its website and through area media at least one (1) month in advance of the Hearing. The Public Hearing will examine the impact of political contributions of corporations, unions, PACS and Super-PACS on the City. The Mayor and at least one (1) City Councilperson shall submit testimony at the public hearing. In addition, all citizens of Brecksville will be permitted to submit oral testimony for a period of at least 5 minutes per citizen.
Section 129.02. Within one (1) week following the Public Hearing, the Mayor shall send a letter to the leaders of the Ohio House and Senate, and Brecksville’s U.S. congressional representative, and both Ohio U.S. Senators stating that the citizens of Brecksville in November 2012 voted in *307 support of a Citizens’ initiative calling for a constitutional amendment declaring:
(A) Only human beings, not corporations, are legal persons with constitutional rights.
(B) Money is not equivalent to speech, and therefore regulating political contributions and spending is not equivalent to limiting political speech.
Section 129.03. The bi-annual Public Hearings will continue for a period of ten (10) years through February, 2023, or until a constitutional amendment reflecting the principles set forth in Section 129.02 is ratified by % of state legislatures.
Section 129.04. This initiative shall take effect and be included in the City Ordinances at the earliest date permitted by law.
{¶ 22} In essence, the initiative would require the city of Brecksville to enact legislation in support of a movement to amend the United States Constitution to abrogate the United States Supreme Court’s decision in Citizens United v. Fed. Election Comm., 558 U.S. 310, 130 S.Ct. 876, 913, 175 L.Ed.2d 753 (2010), holding that government cannot prohibit independent expenditures for political speech based on the speaker’s corporate identity.
{¶ 23} In my view, the petition here does not initiate any new law that the municipality has power to enact; rather, it serves only as a nonbinding referendum on the Supreme Court’s interpretation of the First Amendment in Citizens United. The city plainly lacks authority to control the meaning of the First Amendment by local legislation or to overturn a decision of the United States Supreme Court. Furthermore, Article V of the United States Constitution vests Congress and state legislatures — not local municipalities — with the power to propose amendments to the Constitution. Accordingly, at most, the initiative petition seeks to gauge public opinion on what the federal law on political contributions from corporations should be, and it therefore has nothing to do with local city government in Brecksville, Ohio.
{¶ 24} This court’s decisions in State ex rel. Rhodes v. Lake Cty. Bd. of Elections, 12 Ohio St.2d 4, 230 N.E.2d 347 (1967), and State ex rel. Upper Arlington v. Franklin Cty. Bd. of Elections, 119 Ohio St.3d 478, 2008-Ohio-5093, 895 N.E.2d 177, are instructive.
{¶ 25} In Rhodes, the relators sought to compel the elections board to place an initiative measure on the ballot stating that the people of the village of Willoughby Hills resolve that “[t]he President of the United States should bring all American troops home from Vietnam now so that the Vietnamese people can settle their own affairs.” (Emphasis added.) Id. at 4. We held that “[t]he *308 initiative petition in the instant case does not contain any question which a municipality is authorized by law to control by legislative action.” Id. Notably, a municipality has no authority to control the President’s decisions in the conduct of a war.
{¶ 26} Similarly, in Upper Arlington, we held that a board of elections abused its discretion and clearly disregarded applicable law when it placed a proposed ordinance on the ballot that would bar the city from entering into a contract with a private corporation to provide solid-waste services. We explained:
[IJnsofar as the proposed ordinance included precatory language without legal effect that appeared to express the public opinion of the city’s electors — that the city residents “do not desire” privatization of trash-collection services, “want” to continue the preexisting trash-collection method, and “don’t want” the city to enter into a contract with Inland Service Corporation — its enactment would also not constitute a proper legislative action.
Id. at ¶ 26. And we cited approvingly State ex rel. Gateway Green Alliance v. Welch, 23 S.W.3d 861, 864 (Mo.App.2000), for the proposition that a “proposed ordinance that merely constituted a ‘public opinion poll’ of the city’s electorate on an issue was administrative rather than legislative in character and was thus an inappropriate subject for initiative.” Upper Arlington at ¶ 26.
{¶ 27} Like the initiative measure in Rhodes, the Brecksville ordinances request that third parties do something — propose an amendment to the United States Constitution. And like the initiative measure in Upper Arlington, the Brecksville ordinance amounts to a mere “public opinion poll” to determine whether or not a majority of the city’s voters want government restrictions on corporate campaign expenditures and would support amending the Constitution to eliminate the frée-speech rights of corporations.
{¶ 28} While I recognize that the initiative also seeks to establish Democracy Day and to provide a public forum to examine the impact of political contributions on the city, these are incidental to the real focus of the initiative. Regardless of the public sentiment expressed at a public forum on Democracy Day or at any other time, the outcome is always predetermined, because the proposed law directs the mayor to send letters to legislative leaders in state government and to state representatives in Congress declaring the views of a majority of city voters in the November 2012 election. Any future public discourse generated by Democracy Day on the merits of campaign finance reform is ultimately irrelevant to the purpose of the initiative measure, because it cannot affect the results of a past election.
*309 Rademaker, Matty, Henrikson & Greve, David J. Matty, and Shana A. Samson; and Sergio DiGeronimo, for relator.
Michael DeWine, Attorney General, and Aaron D. Epstein and Damian W. Sikora, Assistant Attorneys General, for respondent Secretary of State Jon Husted.
William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for respondent Cuyahoga County Board of Elections.
{¶ 29} Accordingly, because I believe that this case raises an important constitutional question on the scope of the right of initiative afforded by the Ohio Constitution and has wider implications than the establishment of Democracy Day in the city of Brecksville, I would schedule oral argument and not rule on the writ at this time.
Lundberg Stratton, J., concurs in the foregoing opinion.